*First Judicial District.*

# In the Court of Common Pleas of Philadelphia.
## (*In Equity.*)

### BACON *v* MORRIS ET AL.

A return of *nulla bona* is not sufficient to found a bill under the act of 1863, making the officers of certain corporations liable in equity for their debts—The return must set out that no real or personal property of the corporation was exhibited to the officer, sufficient to satisfy the debt, as required by the act.

Demurrer to bill in equity.

Opinion delivered November 22, 1873, by

LUDLOW, J.     The defendants in this bill are the officers of "The Philadelphia Pressed Brick Works Co.," and an effort is now made to make them liable for the debts of the concern under the provisions of the act of July 18th, 1863, entitled, "an act for Mechanical Manufacturing, Mining, and Quarrying purposes."

If the provisions of the act have been complied with, doubtless the plaintiffs in this bill have an equitable remedy; but the act is in its nature, so far as officers are concerned, a highly penal one, and its provisions must be strictly pursued.

By the 41st section of the law, a judgment or any other creditor, may file a bill in equity, 1st. Where a judgment has been recovered.     2d.

Where the corporation neglects "for the space of thirty days" after a de-- mand on execution, either to pay the amount due with officer's fees, oɪ to exhibit to the officer, real or personal estate, subject to be taken on execution, sufficient to satisfy the same, and when the execution shall be return- ed unsatisfied.

The 42d section provides, that "after the execution shall be so re- turned," the judgment creditor may file a bill in equity, &c. Clearly the official act of the sheriff must include something more than a mere return of "*nulla bona,*" for this return may be made, and yet real and personal estate *of the corporation* may exist subject to levy and sale.

As a preliminary measure, the return of the sheriff will either produce a fund for the payment of the debt; or will presumptively prove that the corporation has no assets to answer the demand of the execution. An attempt has been made by an amendment to cure a defect in the bill, and so far as the first cause of demurrer is concerned, is successful; but how do we know that real estate, subject to levy and sale was not exhibited, and that by proper legal process the debt may not at this moment be in course of collection.

It is true the amendment declares that no exhibit of real or personal estate was made, but the sheriff does not so return the writ, and in the absence of this legal return to the *fieri facias*, while it may be true, as stated in the amendment, that payment has not (yet) been made, it may also be as true, that real estate exists, by a sale of which the debt may be paid. We are obliged to sustain this demurrer for the second reason assigned upon our record.

Demurrer sustained.

*Chas. E. Morris*, Esq., for demurrer ; *Chas. E. Morgan*, Esq., contra.