HARRIET MOORE, *as Administratrix of the Estate of Horace Moore, deceased*, v. JOHN S. JORDAN, *et al.*

DOMICILE — *Title to Debt, not Vested in Plaintiff.* M., who was domiciled in Illinois, died intestate in Colorado while temporarily sojourning there, having with him at the time notes given by parties domiciled in Kansas, and a mortgage securing them upon lands in Kansas. Letters of administration were taken out in Colorado by the widow, who there came into possession of the notes and mortgage. Letters of administration were also granted to a son of the intestate in Illinois, but the notes and mortgage never came into his possession. No administration was ever taken out in Kansas. The administratrix appointed in Colorado brought an action in Kansas to recover upon the

notes and to foreclose the mortgage, but the defendants claimed that the notes and mortgage were not assets in the hands of the plaintiff, and denied her right to maintain the action. *Held*, That the title to the debt evidenced by the notes and mortgage did not vest in the plaintiff, and that she cannot maintain the action.

### *Error from Shawnee District Court.*

ACTION by *Harriet Moore*, as administratrix of the estate of Horace Moore, deceased, against *John S. Jordan* and three others, to recover upon five promissory notes, and to foreclose a certain real-estate mortgage which had been given by defendants *Jordan* and wife to secure the payment thereof. Trial at the April Term, 1884, and judgment for defendants. The plaintiff brings the case here. The material facts appear in the opinion.

*Case & Moss*, for plaintiff in error.

*G. C. Clemens*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action to recover a debt evidenced by five promissory notes executed in favor of Horace Moore by the defendants, John S. Jordan and Helen J. Jordan, and to foreclose a mortgage which had been given by these defendants on lands in Shawnee county, Kansas. The action was brought by Harriet Moore, as administratrix of the estate of Horace Moore, deceased, and she alleged that she was duly appointed and qualified under the laws of the state of Colorado. It was alleged that subsequent to the execution of the mortgage, John S. and Helen J. Jordan had conveyed their interest in the premises to the defendant, M. G. Coughlin. The defendants answered that they were residents of the state of Kansas, and have been domiciled in Kansas since and long prior to the death of Horace Moore. Among other defenses they allege that at the time of his decease Horace Moore was a resident of, and had his home and domicile in the state of Illinois, and was only temporarily sojourning in Colorado at the time of his death; that the notes and mortgage which

came into the possession of the plaintiff are not, and never
have been, assets in her hands; that according to law she has
no interest in nor title to the notes and mortgage, nor to the
proceeds thereof; no power to collect or receive anything on
account of them, or to release or acknowledge satisfaction
thereof, and no right or authority to bring or maintain an
action thereon in this state against the defendants.

It is further alleged that soon after the decease of Horace
Moore, administration of his estate was duly granted to Newell
H. Moore, in the county of Kendall in the state of Illinois,
where the intestate resided at the time of his decease; and that
Newell H. Moore qualified as administrator, and continues in
the discharge of his duties as such; and that the defendants
have fully settled with him all matters between said defend-
ants and the estate, including the notes and mortgage. The
written receipt of Newell H. Moore is set out in the answer.

The controverted question of fact to which the greater part
of the evidence was directed, relates to the domicile of Horace
Moore at the time of his death. Upon this question the jury
found specially that at and immediately prior to the time of
his death, his residence and domicile were in Illinois, and not
in Colorado. He had resided in Illinois for a great many
years, but shortly before his death he made several visits to
Colorado with his son, and for the benefit of his son's health.
In company with his son he went to Colorado in February,
1879, and remained there until October of the same year, when
he died intestate. He had acquired considerable property,
the greater part of which was left in Illinois, but he took with
him to Colorado the notes and mortgage in controversy, where
they were found at the time of his death. The testimony re-
garding his domicile was conflicting, and its sufficiency is
challenged by the plaintiff in error; but the finding is not
without support, and as the question was fairly submitted to
the jury, we must regard the finding as conclusive here. Let-
ters of administration were issued by the county court of
Arapahoe county, Colorado, to the plaintiff soon after the
death of the intestate, authorizing her to administer upon the

estate found in Colorado. Soon afterward letters of administration were granted to Newell H. Moore, in Illinois, and it appears that both of these administrators, the one in Colorado and the other in Illinois, qualified as required by the laws of these states respectively, and entered upon the discharge of their official duties.    The notes and mortgage came into the possession of the plaintiff as administratrix in Denver, Colorado, and were never in the possession of the opposing administration.    What then, is the legal effect of these facts? The court in its charge ruled, and we think correctly, that the

Domicile—
title to debt,
not vested in
plaintiff.

notes and mortgage were not assets in the hands of the plaintiff, and that she could not maintain an action thereon under the authority conferred by the laws of Colorado.    The right of the defendants to avail themselves of this defense, though questioned by the plaintiff, cannot be doubted.    In an action brought by a foreign administrator in Wisconsin, upon a bond secured by mortgage on real estate situate there, the defendants set up as a defense that the plaintiff had no right to maintain the action, but that an administrator had been appointed under the laws of Wisconsin, which appointment vested in the latter all rights of action upon the bond.    The supreme court of the United States held that the defense was good, saying:

"The bond in suit was *bona notabilia* in Wisconsin, and a plea that the subject of the action constituting such *bona notabilia* was, on the death of the decedent, in another jurisdiction than the one which appointed the administrator suing as plaintiff, has always been a good answer to the action.    It is an averment of facts which in law excludes all right to or control over the property in that state by the foreign administrator." (*Noonan v. Bradley*, 9 Wall. 405; *Ins. Co. v. Lewis*, 97 U. S. 682.)

The mere fact that the notes and mortgage chanced to be in Colorado does not give plaintiff title to them, nor make them assets in her hands.    Prior to the death of the intestate, the notes had no fixed *situs*, but followed the domicile of the owner, wherever that might be.    After his death they lost their transitory character and became local.    The principa

administration to which all others are subordinate is at the domicile of the intestate, and the universally recognized rule of law is that the succession to and distribution of personal estate is governed by the law of the place where the intestate was domiciled at the time of his death.

"The original administrator, therefore, with letters taken out at the place of the domicile, is invested with the title to all the personal property of the deceased, for the purpose of collecting the effects of the estate, paying the debts, and making distribution of the residue according to the law of the place or directions of the will, as the case may be." ( *Wilkins v. Ellett*, 9 Wall. 740; Story on Conflict of Laws, § 379.)

However, the letters of administration confer no authority beyond the limits of the state granting them. The title acquired by the administrator of the domicile is but a fiduciary one, and can only be enforced in another state by permission of its laws. No state is required under any rule to surrender the effects or debts due to an intestate domiciled elsewhere to the prejudice and injury of its own citizens. Although the title and right of the domiciliary administrator may be recognized *ex comitate*, it is subject to the rights of the creditors of the estate where the assets exist, or the debtor of the deceased resides. It would be very unjust to require creditors in this state to seek their remedy in another jurisdiction when there were assets here; and it is well settled that the creditors of each state are entitled to payment before the assets of the estate are withdrawn to another jurisdiction. (Story on Conflict of Laws, § 512.) So the rule has become established that debts, such as are evidenced by promissory notes, are *bona notabilia* at the domicile of the debtor. The supreme court of the United States epitomized the law on this question where it is said:

"The general rule of law is well settled, that for the purpose of founding administration, all simple contract debts are assets at the domicile of the debtor, and that the locality of such a debt for this purpose is not affected by a bill of exchange or promissory note having been given for it, because the bill or note does not alter the nature of the debt, but is

merely evidence of it, and therefore the debt is assets where the debtor lives without regard to the place where the instrument is found or payable." (*Wyman v. Halstead*, 109 U. S. 654; *Chapman v. Fish*, 6 Hill, 554; *Attorney General v. Bouwens*, 4 M. & W. 171–191; *Owen v. Miller*, 10 Ohio St. 136; *Thompson v. Wilson*, 2 Conn. 291; *McCarty v. Hall*, 13 Mo. 480; *Willard v. Hammond*, 1 Foster, 382; *Shakespeare v. Fidelity Ins. Co.*, 97 Pa. St. 173; *Dial v. Gary*, 14 S. C. 573; *Life Ins. Co. v. Woodworth*, 111 U. S. 138; 1 Williams on Executors, 426.)

The courts, however, are not entirely uniform in their holding upon this question. Some of the authorities hold that the title to these evidences of debt is not only in the domiciliary administrator, but that they are assets in his hands instead of at the domicile of the debtor. (*Eells v. Holder*, 2 McCr. C. C. 622; *Speed v. Kelly*, 59 Miss. 47.) The only conflict, however, is in regard to whether they are assets at the domicile of the intestate, or at the domicile of the debtor. No authority to which our attention has been called holds that the mere fact that the evidences of debt happen to fall into the hands of an ancillary administrator appointed at a place other than the domicile of the intestate or of the debtor, vests the title to the debt in him. The case mainly relied on by the plaintiff is *St. John v. Hodges*, 9 Baxter, 334. In that case the court uses some language tending to sustain the plaintiff's theory that the administrator in the jurisdiction where negotiable notes are left at the time of the death of the decedent has title to them, although the debtor resides elsewhere. It appears, however, that the notes were left at the domicile of the intestate, and they came into the possession of the administrator appointed in that jurisdiction, and the case therefore only sustains the title of the administrator at the domicile. In a later case, the same court, referring to the decision in *St. John v. Hodges*, say that the question decided was that —

"Notes are *bona notabilia* at the domicile of the intestate when left there at the time of his death, and that administration taken out in another state where the debtor resides does not draw thereto the title or the right to the notes unless they

actually came to the hands of such administrator." (*Goodlett v. Anderson*, 7 Lea, 289.)

*Stevens v. Gaylord*, 11 Mass. 267, is cited by the plaintiff, but it does not support her theory. It is there said that—

"If a foreigner or a citizen of any other of the United States dies leaving debts and effects in this state, these can never be collected by an administrator appointed in the place of his domicile, and we uniformly grant administration to some person here for that purpose. This is the rule of the common law, and it is adopted as we understand in most of the United States."

By the authority of *Wyman v. Halstead*, supra, it is settled that neither the place of payment of simple contract debts like promissory notes, nor the place where they happen to be found, is important or controlling. It has been decided that payment to an administrator appointed in the state in which the intestate had his domicile at the time of his death is good against any administrator appointed elsewhere. (*Wilkins v. Ellett*, 9 Wall. 740; *Wyman v. Halstead*, 109 U. S. 656.) And it has been held in this state that in the absence of any opposing administration, the courts in this state, *ex comitate*, will recognize the title and possession of personal property in this state in an administrator appointed in the domicile of the decedent, and that payment to such an administrator of a debt due to the decedent will be good. (*Denny v. Faulkner*, 22 Kas. 96.) If there are no creditors outside of the domicile of the intestate, debtors of the estate elsewhere might make settlement with the principal administrator and secure a full discharge of the debt, but they cannot obtain a valid release from an ancillary administrator appointed in a jurisdiction other than where the debtor resides. The only authority possessed by the plaintiff was derived from the law of Colorado, and her administration was subsidiary to the administration in Illinois. It does not appear that there were any debts due from the estate in Colorado, but the extent of her authority was to administer upon the assets of the estate locally situated there, and after paying the creditors in that jurisdiction, to remit the residue to the principal administra-

tor in Illinois. We have a statute permitting a foreign administrator to sue in this state, but this statute only removes his disability to sue upon any cause of action he may have. It does not enlarge his rights, nor confer upon him a title to the debts which he would not otherwise own. As we have seen, the notes were not *bona notabilia* in Colorado, and the plaintiff, being an ancillary administratrix, cannot be allowed to draw into her jurisdiction debts due the estate from persons outside of Colorado; and if there are creditors in that state, they must share with others in the residue remitted to the administrator at the domicile. (3 Redfield on Wills, p. 28; *Baldwin's Appeal*, 81 Pa. St. 441.) Under our statute an administrator of this estate may be appointed in Kansas who can maintain an action to recover any debts due to the estate from persons resident here, and after the local creditors are paid, if any exist, the surplus, if any, should be paid to the administrator in Illinois. (Gen. Stat., ch. 37, § 174.) But in no view of the case has the plaintiff under her appointment any authority to maintain this action.

Some other questions were raised and discussed by the plaintiff in error, but in view of the conclusion that we have reached, it is not necessary to consider them. The judgment of the district court must be affirmed.

All the Justices concurring.