No. 22,183.

ROBERT NEWTON AMES, as Administrator of the Estate of LLEWELLYN A. CARR, Deceased, *Appellant,* v. THE CITIZENS NATIONAL BANK, and GEORGE B. LONGAN, as Administrator of the Estate of LLEWELLYN A. CARR, Deceased, *Appellees.*

### SYLLABUS BY THE COURT.

DEATH OF NONRESIDENT—*Administrator at His Domicile Appointed— Ancillary Administrator Appointed in Kansas—Administrator at Domicile Entitled to Property of Estate.* A resident of New Mexico died there, intestate, the owner of certificates of deposit issued by a bank in Kansas. An administrator was duly appointed by the probate court of New Mexico, who brought suit in this state against the bank to recover the indebtedness represented by the certificates. An administrator who had been appointed by the probate court in this

state intervened, and claimed the right to recover the debt. *Held*, that the administration here was ancillary to the principal administration at the domicile of the deceased, and that it was error to render judgment in favor of the ancillary administrator.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed June 7, 1919. Reversed.

*Walter L. McVey, Thurman Hill,* both of Independence, and *M. C. Spicer,* of Socorro, N. M., for the appellant.

*O. L. O'Brien, W. N. Banks, Thomas E. Wagstaff,* all of Independence, and *Charles M. Bush,* and *R. W. Crimm,* both of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

PORTER, J.: On the 10th day of January, 1917, Llewellyn A. Carr, a resident of the county of Socorro, and state of New Mexico, died there, intestate. On January 22, the plaintiff, Robert Newton Ames, who was a resident of the same place, was duly appointed administrator of the estate.

At the time of his death, Llewellyn A. Carr held in his name three certificates of deposit issued by the Citizens National Bank of Independence, upon which there was due the sum of $5,720. On July 28, 1917, plaintiff brought this action in the district court of Montgomery county to recover from the bank the amount of the certificate, and attached to his petition duly authenticated copies of the proceedings showing his appointment as administrator, and attached copies of the certificates of deposit. He alleged that as such administrator he had demanded from the defendant bank payment of the money, and that the bank refused payment. The answer of the bank admitted the execution of the certificates, and that there was due thereon the amount claimed, but set up the defense that one George B. Longan, a resident of Johnson county, had been on the 12th day of February, 1917, by the probate court of Montgomery county, duly appointed administrator of the estate of Llewellyn A. Carr, deceased, and was entitled to have turned over to him as such administrator all the funds belonging to the estate; and that he had made a demand upon the bank for the payment of the funds represented by the certificates. It further alleged that on August 27, 1917, one Juliette Carr

Bray, of Kansas City, Mo., brought an action in the United States district court of Kansas against George B. Longan as administrator and against the bank, in which she claimed to be entitled to the funds represented by the certificates. The answer further alleged that the bank had filed its answer in that proceeding setting out the same facts, and had at all times been ready and willing to pay to the person entitled the money represented by the certificates, but that the plaintiff failed to take out letters of administration in the state of Kansas. The bank prayed for an order and judgment directing plaintiff to deliver the certificates to the clerk of the court, and for a further judgment directing the bank to pay the judgment into the United States court and to be released from further liability, and it asked to be allowed attorney's fees and costs.

George B. Longan was permitted to intervene. He filed his answer setting up the same facts; alleged his appointment and qualification as administrator; and alleged that there were debts against the estate of Llewellyn A. Carr, deceased, unpaid and owing to citizens and residents of this state. The plaintiff filed an answer to the amended petition, denying that at the time of the death of Llewellyn A. Carr he owned any property within this state; expressly denying that at the time of filing the answer there were debts of the estate due, unpaid and owing to citizens or residents of Kansas, and alleging that the appointment of Longan as administrator was illegal and void because the court was without jurisdiction to appoint him administrator, and denying that at the time of the appointment of Longan as administrator there were in Kansas any assets of the estate.

The court rendered judgment against the plaintiff, holding that George B. Longan was the duly appointed administrator of the estate and entitled to take into his possession all money and property belonging to the estate that might be found within the jurisdiction of the court. Longan was given judgment against the bank for the amount due upon the certificates; the bank was directed to pay the money to the clerk of the court; the certificates were ordered delivered to him to be canceled; and he was directed to pay the money to George B. Longan, as administrator. The court denied the plaintiff a new trial, and he appeals.

It appears that the only claim against the estate in favor of a resident of Kansas was one for the sum of $2.50 presented by the publisher of a newspaper at Independence, and this indebtedness was paid and satisfied by Robert Newton Ames as administrator. There is no controversy over the facts.

In the recent case of *In re Miller's Estate,* 90 Kan. 819, 136 Pac. 255, it was held that—

· "The situs of shares of capital stock in a Kansas corporation owned by one who was a resident of another state at the time of his death, for purposes of administration is at the domicile of the decedent rather than in the state in which the corporation is organized and has its place of business." (Syl. ¶ 2.)

In the opinion it was said:

"Under the common law and as a general rule the situs of personal property is the residence of the owner and the title to personalty is in the domiciliary executor or administrator." (p. 822.)

That case turned, however, upon the peculiar characteristics of corporate stock, and it was held that the probate court was without jurisdiction to make the appointment. In the present case, it cannot be said that the probate court of this state was without jurisdiction to appoint an administrator, but the administration here was merely ancillary to the principal administration at the domicile of the intestate.

In reference to the general rule that debts, such as are evidenced by promissory notes or bills of exchange, are *bona notabilia* at the domicile of the debtor, it was said in *Moore, Adm'x, v. Jordan,* 36 Kan. 271, 13 Pac. 337:

"The courts, however, are not entirely uniform in their holding upon this question. Some of the authorities hold that the title to these evidences of debt is not only in the domiciliary administrator, but that they are assets in his hands instead of at the domicile of the debtor." (p. 276.)

The present case, however, turns upon the fact that the plaintiff, who was appointed administrator at the domicile of the deceased, and who had possession of the certificates of deposit, holds a title superior to that of Longan, who is only the ancillary administrator, and who never had in his possession the certificates.

If the ancillary administrator had secured possession of the evidences of debt and had brought suit and recovered the amount due thereon, it would have been his duty, after satisfy-

ing any indebtedness against the estate owing to residents here, to remit the balance to the principal administrator, who is the plaintiff.

When the plaintiff demanded from the bank payment of the amount represented by the certificates, the bank had no defense and no ground for refusing payment. No administrator had been appointed in this state. Besides, payment to the administrator appointed in New Mexico was good against any administrator appointed elsewhere. (*Moore, Adm'x, v. Jordan,* supra; *Wilkins v. Ellett,* 9 Wall. 740; *Wyman v. Halstead,* 109 U. S. 654, 656.)

It follows, therefore, that the judgment will be reversed and the cause remanded with directions to enter judgment in favor of the plaintiff against the bank for the amount of the certificates, interest, and costs.