HENSLEY, ADMINISTRATOR v. RICH ET AL.

[No. 23,697.    Filed November 1, 1921.]

1. EXECUTORS AND ADMINISTRATORS.—Death of Nonresident.—
Removal of Property from State.—Statutes.—At common law
the assets of a nonresident decedent could not be ·removed from
the state until the claims of citizens of the state were first paid
or provided for,· and §2746 Burns 1914, §2231 R. S. 1881, must
be deemed a declaration that where a resident of another state
has died the owner of property located within this state, and
there are resident creditors, legatees or heirs entitled to dis-
tribution, and they take out letters of administration in a
county in this state, the authority of· the foreign domiciliary
administrator is limited to receiving for final distribution the
residue of assets which shall remain after the local ancillary
administrator shall have reduced all such assets to possession
and paid the lawful demands of the inhabitants of this state.
p. 299.

2. EXECUTORS AND ADMINISTRATORS.—Appointment.—Jurisdic-
tion.—Statutes.—Under §2743 Burns 1914, §2228 R. S. 1881,
where one has been appointed administrator of the estate of
a nonresident in a county in which assets of such nonresident
have been found, his right of administration extends to all
the assets of the estate in every county to the exclusion of all
other administrators.    p. 299.

3. EXECUTORS AND ADMINISTRATORS.—Estate of Nonresident.—
Appointment of Ancillary Administrator.—Collection of Debts.
—Title to Assets.—The appointment of an administrator in
the state where a nonresident died could not affect the duty
nor right of the administrator appointed in this state to pro-
ceed with diligence to collect the debts due the estate here,
and the title of the resident administrator to assets within
the state is exclusive until local claims against such assets are
satisfied.    p. 300.

4. EXECUTORS AND ADMINISTRATORS.—Estate of Nonresident.—
Assets Within State.—Administration.—Where a nonresident
died leaving as assets in this state a note to be collected from
a debtor residing ,here, such assets are a part of the estate
here and not at the domicile of the decedent.    p. 301.

5. APPEAL.—Right of Appeal.—Estoppel.—Election by Injunc-
tion to Stand on Judgment.—Statutes.—An administrator de
bonis non of the estate of a nonresident, appealing from a
judgment, in an action to collect a note, in favor of the
domiciliary administrator on his cross-complaint seeking to

recover the face of the note from defendants, having elected by injunction proceedings to follow the funds paid into court by defendants in satisfaction of the judgment and decree, and by order of court having prevented defendants from receiving their money back and money from earning interest, is estopped to challenge the validity of the judgment as against defendants, in view of §671 Burns 1914, §632 R. S. 1881, providing that the party obtaining judgment shall not take an appeal after receiving any money paid or collected thereon; the securing of the injunction being such a "receipt" as constituted a binding election that the fund thus seized should be substituted for the original debt. p. 303.

From Madison Circuit Court; *Luther F. Pence,* Judge.

Action by Theodore L. Hensley, administrator *de bonis non* of the estate of William J. Smith, deceased, against Herman E. Rich and others, in which Patrick Ryan, foreign administrator of such estate filed a cross-complaint. From the judgment rendered, the plaintiff appeals. *Affirmed in part and reversed in part.*

*Willis Hickam, Sr., Willis Hickam, Jr., James W. Noel* and *Hubert Hickam,* for appellant.

*Philip B. O'Neill* and *Bagot & Free,* for appellees.

EWBANK, J.—The appellant, as administrator *de bonis non* of the estate of William J. Smith, deceased, appointed by the circuit court of Owen county, Indiana, brought suit in the circuit court of Grant county, Indiana, upon a promissory note for $8,000 with interest and attorney fees, and to foreclose a mortgage on lands in Grant county, by which the note was secured, and the cause was removed by change of venue to Madison county. The note was dated at Jonesboro, Indiana, August 14, 1911, and was payable to William J. Smith at the Jonesboro bank five years after date, with six per cent. interest, payable annually, and attorney fees, and both it and the mortgage of the same date were executed by the appellees, Herman E. Rich and Rachael J. Rich, husband and wife.

This action was commenced October 13, 1916, sixty days after the maturity of the note. The complaint alleged that said appellees executed the note and mortgage, that the debt was due and unpaid, that the payee, William J. Smith, had died on April 2, 1912, a resident of Sullivan county in the State of Tennessee, leaving property there, and also leaving real and personal property in Owen county, in the State of Indiana, and leaving unpaid debts owing to creditors in Owen and Grant counties, in the State of Indiana, but leaving neither heirs nor devisees in this state; that on April 6, 1912, the appellee Patrick F. Ryan was appointed and confirmed as administrator of the estate of said decedent in Sullivan county, in the State of Tennessee, and on April 23, 1912, an administrator of said estate was appointed in Owen county, in the State of Indiana, who collected the annual instalments of interest on the said note and mortgage as they became due, except the interest for the last year before maturity, and then died; that on April 1, 1916, appellant was duly appointed as administrator *de bonis non* of the estate of said William J. Smith, by the circuit court of Owen county, Indiana, after the appellee Patrick F. Ryan had asked for such appointment, and had been refused, and that appellant duly qualified as such administrator; that many claims had been filed and allowed against the estate in Owen county, Indiana, which appellant could not pay without the collection of the demand sued on; that appellant had been compelled to employ an attorney for whose services $500 would be a reasonable fee, and that the appellee Ryan, as administrator in Tennessee, had possession of the note, and was claiming an interest in it and the right to collect the debt in question.

To this complaint the appellee Ryan filed an answer of denial, and a cross-complaint alleging many of the same facts as above set out, and denying certain others, and

further averring that he received the note and mortgage sued on in the State of Tennessee, of which he was then a resident, as part of the assets of the estate of William J. Smith, and that they had since remained in his custody and possession as administrator under appointment in the State of Tennessee, and that he was charged therewith as part of his inventory in that state, and had paid tax on them in Tennessee, and had never surrendered them to anybody.

The appellees, Rich and Rich, filed an answer of general denial, and also a special denial of the fact that the nonpayment of the note at maturity was due to any default on their part; they also filed what they called an "interpleader," which as amended, admitted the execution of the note and mortgage, and that the note and interest for one year were due, and asked for an order of court that they might pay the sum of $8,480 into court and be discharged from liability, because of certain alleged facts. No such order was made, however, and the court found against them on the issue tendered by the answer.

The evidence consisted chiefly of an agreed statement of facts, and the facts as above set out were proved without conflict, together with the following additional facts:

That claims, aggregating $12,800.94 against the estate of said William J. Smith, deceased, had been filed in Owen county, Indiana, by eleven different claimants, of which the claims of nine persons had been allowed in the total sum of $9,175.81, and that two others for the aggregate sum of $725.13 were unadjudicated and still pending; that the allowance of one of said claims, in the sum of $7,100 was contested, and an appeal therefrom had been taken to the Supreme Court; that of the claims allowed $1,231 was for notes given by William J. Smith in the State of Indiana, which were debts owed

by him at the time when he removed from Indiana to Tennessee; that the amounts stated do not include court costs nor interest from the dates when said claims were severally allowed; and that if he is entitled to recover attorney fees, $300 would be a reasonable fee for appellant's attorneys.

. The court found against the appellant (plaintiff) that he was not entitled to recover anything, and in favor of appellee Ryan, the foreign administrator, that he was entitled to recover the face of the note, with interest to the date of the finding, in the total amount of $9,880, but without attorney fees, and the foreclosure of the mortgage as against the appellees, Rich and Rich, for that sum. Judgment was rendered accordingly. The appellant thereupon filed his motion for a new trial for the alleged reasons that the decision was not sustained by sufficient evidence and was contrary to law, which motion the court overruled, and appellant excepted. Thereafter the appellant duly perfected a vacation appeal, and has assigned as error the overruling of his motion for a new trial, which is the only alleged error discussed by appellant's brief.

The first question presented is whether a domiciliary administrator, appointed by a court of Tennessee, who applied for and was refused ancillary letters of administration in a county of this state was entitled to recover judgment in a court of this state for the amount of a past due note, and the foreclosure of a mortgage securing it, which constituted part of the estate of his decedent, and were found among his effects in Tennessee after his death there, when an administrator to whom a court in a county of the State of Indiana, where the deceased left personal and real property and debts, had granted letters of ancillary administration was in court, seeking to recover on the same note and mortgage, and it was made to appear that valid debts in

excess of all other personal property of the decedent in Indiana had already been filed with and allowed by such Indiana administrator, and that other claims filed but not yet passed on, and still others allowed but in controversy in pending appeals, brought the total of all claims filed to an amount exceeding the amount due on the note and all other personal estate in Indiana, combined.

At common law the assets of a nonresident decedent could not be removed from the state until the claims of citizens of the state were first paid or provided

1. for. *Wyman* v. *Halstead* (1884), 109 U. S. 654, 3 Sup. Ct. 417, 27 L. Ed. 1068. And so far from changing the rule at common law, our statute must be deemed a legislative declaration that it is the policy of the State of Indiana that where a resident of another state has died the owner of property located here and there are creditors, legatees or heirs entitled to distribution who are inhabitants of this state, and they take out letters of administration in a county in this state, the further authority of the foreign domiciliary administrator is limited to receiving for final distribution the residue of assets in Indiana which shall remain after the local ancillary administrator shall have reduced all such assets to possession and paid the lawful demands of inhabitants of this state. §2746 Burns 1914, §2231 R. S. 1881.

Assets having been found in Owen county, Indiana, and the appellant having been granted letters of administration in that county, his right of admin-

2. istration extended to all the estate of the decedent, in all counties of the state, to the exclusion of all other administrators. §2743 Burns 1914, §2228 R. S. 1881; *Sample* v. *Adams* (1913), 54 Ind. App. 680, 100 N. E. 573; *Marchant* v. *Olson* (1915), 184 Ind. 17, 110 N. E. 200.

We have found only one decision, hereinafter distinguished, of a court of last resort in any jurisdiction, where a foreign domiciliary administrator and a domestic ancillary administrator were both before the court, each contesting the right of the other to recover a debt due from an inhabitant of the state to their decedent, in which the court held the foreign administrator entitled to prevail. But many cases have held that an administrator appointed in one state could not recover on the note of a resident of another state, secured by mortgage on lands in such other state, even where no letters of ancillary administration had been taken out in the latter state, unless specially authorized by statute. *McCully* v. *Cooper* (1896), 114 Cal. 258, 46 Pac. 82, 35 L. R. A. 492, 55 Am. St. Rep. 66; *Moore* v. *Jordan* (1887), 36 Kan. 271, 13 Pac. 337, 58 Am. Rep. 550, 553; *Abbott* v. *Coburn* (1856), 28 Vt. 663, 67 Am. Dec. 735, 738, 739; *Grayson* v. *Robertson* (1898), 122 Ala. 330, 25 South. 229, 82 Am. St. 80; *Grimball* v. *Patton* (1881), 70 Ala. 626; *Merrill* v. *New England Ins. Co.* (1869), 103 Mass. 245, 4 Am. Rep. 548; *Reynolds* v. *McMullen* (1885), 55 Mich. 568, 22 N. W. 41, 54 Am. Rep. 386.

And obviously the appointment of an administrator in the state where the intestate died could not affect the duty nor the right of the administrator in 3. this state to proceed with diligence to collect debts due the estate here. *State, ex rel.* v. *Gregory* (1882), 88 Ind. 110, 115. But the title of the ancillary administrator to assets within his state is exclusive, until the local claims against such assets have been satisfied or otherwise discharged. 18 Cyc 1228, (2) and authorities cited. Where a person domiciled and dying in one state is indebted to persons living in another state in which there are personal assets of the deceased "it would be a great hardship upon such cred-

itors to allow the original executor or administrator to withdraw those funds from  *  *  *  (such other state) without the payment of such debts, and thus to leave the creditors to seek their remedy in the domicile of the original executor or administrator, and perhaps there to meet with obstructions and inequalities in the enforcement of their own rights from the peculiarities of the local law." Story, Conflict of Laws (8th ed.) §512, p. 713; *Moore* v. *Jordan, supra.*

In *Ames* v. *Citizens Nat. Bank* (1919), 105 Kan. 83, 181 Pac. 564, where the foreign administrator had presented some certificates of deposit to the bank which issued them, and demanded payment, and had brought suit on them some weeks before an administrator was appointed in Kansas, and it appeared that the only indebtedness of the estate in Kansas was for $2.50, which the foreign administrator promptly paid, the court decided that a judgment in favor of the ancillary administrator was erroneous, and that the foreign administrator was entitled to the money. And in *St. John* v. *Hodges* (1878), 9 Baxt. (68 Tenn.) 334, where a resident of Alabama died the owner of notes executed by a resident of Arkansas, and the administrator appointed in Alabama sent them for collection to an attorney at Memphis, Tennessee, who without authority from his principal, procured an administrator to be appointed in Arkansas, and in his name compromised the claim for one-twentieth of the face of the notes in cash, together with one-fourth of their face in new notes, it was held that the Alabama administrator, having taken out letters in Tennessee, could there sue in attachment on the original notes. The right result may have been reached in each of these cases upon the facts there involved. But the proposition that a promissory note, even though past due and to be collected by suit at the home of the debtor as part of the assets of the

estate, is assets at the domicile of the intestate, and not where the debtor resides, on which proposition both decisions purport to be based, does not appeal to us as being sound.

It was error to overrule the motion of appellant for a new trial.

Appellant further urges that he was entitled to recover an attorney fee of $300 under the undisputed facts. But it appears from the records of this court that at the time the appellant filed his transcript and assignment of errors he also filed his own affidavit, stating that the appellees, Rich and Rich, had paid the judgment appealed from in the sum of $10,124.85 and the costs, and that the appellee Ryan, as administrator, had received from the clerk of the court below the full amount of the judgment and interest to the date of such payment, in the sum of $10,124.85, and still had said money in his possession and under his control, but was about to carry it away, out of the State of Indiana. And by means of that affidavit appellant procured an order of this court to issue, commanding that the appellee Ryan, individually and as administrator, be and thereby was "enjoined from withdrawing the said sum of $10,124.85 received by them upon the judgment of the Madison Circuit Court * * * from which this appeal is taken, and they are further restrained and enjoined from removing the same * *. * from the State of Indiana, or from the jurisdiction of this court, and from in any way expending or disposing of said moneys or any part thereof * * * (and) are hereby ordered by the court to return said moneys and to pay the same forthwith to the clerk of this court, to be held until the final determination of this appeal, and to be paid out only upon the order of this court as hereinafter made." Upon the hearing it was made to appear that the money was on deposit in a bank at Indianapolis, and by agree-

ment of parties the injunction was made permanent, pending the appeal, but was modified so as to provide that the money should remain in the bank, "and that said funds be removed from the custody of said bank only on the order of this court." Until this order was issued the appellees, Rich and Rich, remained liable to appellant for any judgment which appellant might recover against them upon a retrial of this case, if the first judgment should be reversed, and appellee Ryan remained liable for whatever he held of the money or property of Rich and Rich to which he was not entitled, in case it should be adjudged on appeal that he had no right of action. But so far as appellant was concerned if he chose to stand on his right to recover upon a second trial of the case, such right would not have been affected if Ryan had paid the money back to Rich and Rich, or had put it out at interest for their benefit.

By electing to follow the specific funds paid into court by Rich and Rich in satisfaction of the judgment and decree, and obtaining an order of court which

5.  necessarily operated to prevent Rich and Rich from receiving their money back, and prevented the money from earning interest for their benefit in the hands of Ryan, appellant has estopped himself to challenge the judgment as against the appellees, Rich and Rich. A party cannot seize upon and hold for his own benefit the amount of a judgment paid in by the party against whom the judgment was recovered, and at the same time successfully maintain an appeal on the ground that there was no valid judgment. *Williams* v. *Richards* (1899), 152 Ind. 528, 53 N. E. 765; *Western Construction Co.* v. *Board, etc.* (1912), 178 Ind. 684, 688, 98 N. E. 347; Ewbank's Manual (2d ed.) §§112, 112a.

The statute granting appeals provides that: "The party obtaining judgment shall not take an appeal after

receiving any money paid or collected thereon." §671 Burns 1914, §632 R. S. 1881. And while as between appellant and appellee Ryan, the appellant could not be deemed to have "received" the money deposited in the bank, we think that obtaining an injunction which forbade it to be drawn out of the bank was a sufficient "receipt" of the money, as between appellant and the debtors who paid it on the judgment, to constitute a binding election that the fund thus seized upon should be substituted for the original debt. Therefore we must decline to pass on the question whether or not the finding and judgment should have included a fee for appellant's attorney.

The appellees, Rich and Rich, did not assign cross-errors, but have devoted their brief to an attempt to show that the judgment ought to be affirmed. It appears without dispute that they have procured the clerk of the circuit court to satisfy the mortgage of record, which could only be lawfully done on the ground that a valid judgment of foreclosure had been rendered and paid. §1155 Burns 1914, §1098 R. S. 1881.

Therefore they have no further interest which can be affected by treating this appeal as a controversy between the two administrators to determine which of them shall receive the money recovered by this action, and we shall not consider nor pass upon any questions as to the judgment being for the correct amount.

The facts are not in dispute. All the facts that control the decision as to which of the administrators shall receive the money recovered were agreed upon by the parties, and were presented to the court by an agreed statement of facts that was read in evidence. No good purpose could be served by ordering a new trial, and we shall proceed to enter final judgment upon the facts as so established.

So much of the finding and judgment as found and

adjudged that the administrator of the estate of William J. Smith, deceased, was entitled to recover judgment on the note sued on for the sum of $9,880 and costs, with a decree foreclosing the mortgage sued on, is affirmed.

But so much thereof as found and adjudged that the appellee Patrick F. Ryan, as administrator of said estate in the State of Tennessee, was entitled to the money so recovered, is reversed. And it is considered and adjudged by this court that the appellant, Theodore L. Hensley as administrator of the estate of William J. Smith, deceased, shall recover from the appellee Ryan, as administrator, the possession and control of the sum of $10,124.85 paid by the appellees, Herman E. Rich and Rachael J. Rich, in satisfaction of the judgment and decree recovered against them in this action, and receipted for by said appellee Patrick F. Ryan, as administrator of the estate of William J. Smith, deceased, which money is now held under an order of this court in the Continental National Bank of Indianapolis, Indiana, and that said money shall be paid by the said Continental National Bank of Indianapolis, Indiana, to the said Theodore L. Hensley, administrator of the estate of William J. Smith, deceased, and shall be receipted for by him and shall be and constitute assets of said estate in his hands to be disposed of according to law, and that such payment, and the indorsement of his receipt for the same, as such administrator, on the judgment docket of this court shall constitute a complete satisfaction of this judgment in favor of said bank and all of the appellees.

Myers, J., absent.