Jasper v. Thomas.

No. 27,515.

Virgil Jasper, Administrator, etc., *Appellant,* v. B. F. Thomas
et al., *Appellees.*

(257 Pac. 714.)

SYLLABUS BY THE COURT.

Executors and Administrators—*Foreign and Ancillary Administration—Right
as Against Compromise and Settlement of Domicillary Administrator.* A
compromise and settlement made by the signers of a promissory note with
the administratrix of the deceased payee and holder of the note, appointed
in the state where the deceased resided at the time of his death, and pay-
ment made under that compromise and settlement, binds the administrator
of the deceased person's estate subsequently appointed by the probate court
of this state in the county of the residence of the debtors, if the laws of the
state where the deceased lived at the time of his death authorized such
compromise and settlement.

Appeal from Doniphan district court; C. W. Ryan, judge. Opinion filed
July 9, 1927. Affirmed.

*Alcid Bowers,* of St. Joseph, Mo., for the appellant.

*C. W. Reeder,* of Troy, for the appellees.

The opinion of the court was delivered by

Marshall, J.: The plaintiff, the administrator of the estate of
Nettie Jasper, deceased, appointed by the probate court of Doni-
phan county, on April 12, 1926, sued to recover on a lost promissory
note given to Nettie Jasper during her lifetime. The defendant
answered and alleged:

"That the said Nettie Jasper died testate a resident of the state of Missouri,
and that in the probate court of Buchanan county, Missouri, said will of said
Nettie Jasper was duly probated and said estate administered and the estate
closed. That this defendant was indebted in her lifetime to Nettie Jasper on
a certain promissory note for $760, and on which note in the lifetime of
Nettie Jasper there had been paid on the 13th of June, 1922, the sum of
$23.00. That said note passed into the hands of the executrix of the estate
of Nettie Jasper, under the appointment of the probate court of Buchanan
county, Missouri, for administration, and by negotiations with said executrix
and by order of the said probate court of Buchanan county, Missouri, then
having full jurisdiction of the administration of said estate, the said note was
by compromise ordered by said court fully paid and discharged and surren-
dered to this defendant as fully paid. That by said compromise order this
defendant paid to said executrix in said probate court of Buchanan county,

Executors and Administrators, 24 C. J. pp. 1120 n. 34, 1121 n. 36.

Missouri, the sum of $400, and surrendered as settled and paid a certain counterclaim or cause of action that this defendant had against said Nettie Jasper. A copy of the order compromising said note and claim as made by the said probate court of Buchanan county, Missouri, is hereto attached, made a part of this answer and marked Exhibit A. A copy of the agreement of settlement in said probate court of Buchanan county, Missouri, is also hereto attached, made a part of this answer and marked Exhibit B. That by reason of the said action of said probate court of Buchanan county, Missouri, the said note is fully settled and said matter is a thing fully adjudicated."

The pleadings disclosed that this was done in 1925. The answer set up a counterclaim against the note which, if the allegations concerning the counterclaim were true would have defeated recovery by the plaintiff.

In reply the administrator denied the allegations of the answer and alleged in substance that the debt represented by the note was an asset of the estate in the state of Kansas subject to payment in the probate court of Doniphan county; that the administratrix of the estate in Buchanan county, Missouri, was not the administratrix of the estate of Nettie Jasper in the state of Kansas; that as administratrix of the estate in Missouri she had no jurisdiction over the estate in Kansas; that the probate court of Buchanan county, Missouri, had no right or authority to settle or compromise the indebtedness evidenced by the note and had no jurisdiction over the assets of the estate in Doniphan county; that the order of the probate court of Buchanan county in Missouri was void, and that the settlement of the note in the probate court of that county was without due consideration, inequitable, unfair, unjust, and void. The reply was not verified.

In this action the defendants filed a motion for judgment on the pleadings. Judgment was rendered thereon in favor of the defendants, and the plaintiff appeals.

It was admitted by the parties that the law of Missouri concerning compromising debts due a deceased person's estate is the same as the law of Kansas. The Kansas statute on that subject is in part as follows:

"Upon proper proof being made by an executor or administrator to the probate court that any claim, debt or demand whatsoever belonging to the estate in his hands to be administered and accruing in the lifetime of the deceased, represented by such executor or administrator, cannot be collected—first, on account of the doubtful solvency or actual insolvency of the person owning the same . . .; third, by reason of some legal or equitable defense which such debtor or debtors shall allege and make appear against the same, . . .

said court may order such claim, debt or demand to be compromised." (R. S. 22-526.)

In *Denny v. Faulkner,* 22 Kan. 89, 96, this court said:

"But no question arises here between two administrations, or between a foreign administrator and a home creditor. The administratrix appointed in the domicile of the decedent had acquired possession of the property, and it is immaterial whether she had first taken possession in Nebraska and afterward moved the property into Kansas, or had in the first instance taken the possession in Kansas. In the absence of any opposing administration, the courts of this state, *ex comitate,* will recognize the title and possession of personal property in this state in the administrator appointed in the domicile of the decedent. Payment to such an administrator of a debt due to the decedent will be good."

In *Moore, Adm'x, v. Jordan,* 36 Kan. 271, 276, 13 Pac. 337, the court quoted from *Goodlett v. Anderson,* 7 Lea. 289, as follows:

" 'Notes are *bona notabilia* at the domicile of the intestate when left there at the time of his death, and that administration taken out in another state where the debtor resides does not draw thereto the title or the right to the notes unless they actually came to the hands of such administrator.' "

This court, in *Moore, Adm'x, v. Jordan,* supra, further said:

"It has been decided that payment to an administrator appointed in the state in which the intestate had his domicile at the time of his death is good against any administrator appointed elsewhere. (*Wilkins v. Ellett,* 9 Wall. 740; *Wyman v. Halstead,* 109 U. S. 656.) And it has been held in this state that in the absence of any opposing administration, the courts in this state, *ex comitate,* will recognize the title and possession of personal property in this state in an administrator appointed in the domicile of the decedent, and that payment to such an administrator of a debt due to the decedent will be good. (*Denny v. Faulkner,* 22 Kan. 96.) If there are no creditors outside of the domicile of the intestate, debtors of the estate elsewhere might make settlement with the principal administrator and secure a full discharge of the debt." (p. 277.)

This principle was further discussed in *Ames v. Bank,* 105 Kan. 83, 181 Pac. 564, where this court used the following language:

"A resident of New Mexico died there, intestate, the owner of certificates of deposit issued by a bank in Kansas. An administrator was duly appointed by the probate court of New Mexico, who brought suit in this state against the bank to recover the indebtedness represented by the certificates. An administrator who had been appointed by the probate court in this state intervened, and claimed the right to recover the debt. *Held,* that the administration here was ancillary to the principal administration at the domicile of the deceased, and that it was error to render judgment in favor of the ancillary administrator." (Syl.)

The claim against the defendants had been compromised and paid before the plaintiff was appointed administrator by the probate court of Doniphan county.

The judgment is affirmed.