# ATTILIO CASTIGLIANO v. GREAT NORTHERN RAILWAY COMPANY.[1]

May 7, 1915.

Nos. 19,118—(74).

**Attorney's lien.**

The plaintiff's intestate was killed in Minnesota, while in the employ of the defendant, under circumstances giving a cause of action for his death. He was domiciled in Missouri and a general administrator was appointed for him there. Afterwards the plaintiff was appointed special administrator in Minnesota, and the intervener, as his attorney, commenced suit under the Minnesota death by wrongful act statute. Afterwards the general administrator appointed by the Missouri court settled with the defendant. Later the plaintiff was appointed general administrator by an order of the probate court in Minnesota. Upon appeal the order of the probate court was reversed. It is *held* that the intervener upon the commencement of the cause of action had a lien for his compensation as provided by G. S. 1913, § 4955 (R. L. 1905, § 2288).

From an order of the district court for St. Louis county sustaining defendant's demurrer to the complaint in intervention of Henry F. Greene, Fesler, J., Henry F. Greene appealed. The facts are stated in the opinion. Reversed.

*Henry F. Greene,* pro se.

*Baldwin, Baldwin & Holmes,* for respondent.

PER CURIAM.

This is an appeal by the intervener from an order sustaining a demurrer to his complaint in intervention.

One Palazzolo was killed on September 13, 1912, in Carlton county, Minnesota, while in the employ of the defendant, under circumstances giving a cause of action for his death. He was a resident of St. Louis, Missouri.

[1] Reported in 152 N. W. 413.

On September 30, 1912, the probate court in Missouri appointed one Licavoli general administrator of the estate of Palazzolo.

On October 14, 1912, more than 30 days after the death of Palazzolo, the plaintiff Castigliano, the Royal Italian Consular Agent, having proper jurisdiction, was appointed special administrator by the probate court. See G. S. 1913, § 7287 (R. L. 1905, § 3696). On October 15, the plaintiff commenced this action against the defendant, the intervener being his attorney.

The order of the probate court appointing the plaintiff special administrator was not appealable. G. S. 1913, § 7293 (R. L. 1905, § 3702). Licavoli filed objections to the appointment of Castigliano as general administrator. The probate court by its order appointed him. Upon appeal to the district court such order was reversed.

On October 22, 1912, Licavoli settled with the Great Northern for the death of Palazzolo and was paid $2,350, for which he accounted to the widow and infant child, who were the sole beneficiaries of the deceased.

After the judgment of the district court reversing the probate court, the intervener filed his complaint in intervention, claiming a lien for his compensation alleged to be the value of one-fourth of the settlement and which was alleged to be the amount agreed upon with Castigliano. The demurrer of the defendant to this complaint was sustained and the appeal is from the order sustaining it.

The proceeding resulting in the appointment of Castigliano as special administrator on October 14, 1912, was with jurisdiction. G. S. 1913, § 7205. As special administrator Castigliano had the right to maintain a suit to recover for Palazzolo's death. Jones v. Minnesota Transfer Ry. Co. 108 Minn. 129, 121 N. W. 606. By G. S. 1913, § 4955 (R. L. 1905, § 2288), an attorney is given a lien for his compensation, whether the agreement therefor be express or implied "upon the cause of action from the time of the service of the summons therein." Summons was served October 15, 1912. Licavoli could have commenced an action in Minnesota for the death of Palazzolo upon filing a copy of his appointment in the probate court; or he could have settled with the Great Northern without action; or he could have brought an action in another state, Missouri,

for instance, if he could get jurisdiction of the Great Northern there, and if the Missouri court would have enforced liability under the foreign statute. He was not obliged, so far as appears, to come to Minnesota at all.

Castigliano, a special administrator, could sue and did sue in Minnesota. The probate court had jurisdiction to appoint Castigliano special administrator of Palazzolo, and the district court had jurisdiction of the action to recover damages for his death. The lien law quoted was therefore applicable; defendant settled the claim with notice of the attorney's rights and the intervener is entitled to reasonable compensation. His contract with the special administrator is not binding upon the question of amount.

Order reversed.