## ATTILIO CASTIGLIANO v. GREAT NORTHERN RAILWAY COMPANY.[1]

July 6, 1917.

Nos. 20,375—(206).

**Lien for attorney's fees — judgment vacated.**

Action by intervener to enforce a lien for attorney's fees. *Held*, that neither the allegations of the complaint in intervention nor the judgment entered thereon are supported by the proofs.

After the former appeal, reported in 129 Minn. 279, 152 N. W. 413, the matter was tried before Ensign, J., who made findings and as conclusion of law ordered judgment in favor of the executrix of the estate of Henry F. Greene for $737.51. Defendant's motion for amended findings or for a new trial was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

*M. L. Countryman* and *Baldwin, Baldwin & Holmes,* for appellant.
*Thomas S. Wood,* for respondent.

[1]Reported in 163 N. W. 741.
137 M—25

QUINN, J.

A brief statement of the facts surrounding this case is as follows: September 13, 1912, Salvatore Palazzolo was in the employ of defendant railroad company in Carlton county, this state, when he came to his death as the result of an accident. His domicile was in St. Louis county, Missouri, where his two brothers and Domenico Licavoli, an uncle of his wife, resided. At the time his wife and only child were in Italy. September 30, 1912, the uncle of Mrs. Palazzolo, upon petition of the brothers, was appointed administrator of the estate of deceased by the probate court of St. Louis county, Missouri. He qualified and entered upon the discharge of his duties. October 22, Licavoli, as such administrator, settled and released all claims for damages on account of the death of deceased with the defendant for the sum of $2,350, which settlement was reported to and approved by the probate court, and thereafter the money accounted for to the widow and child.

October 14, 1912, being eight days prior to the settlement, Attilio Castigliano, residing at the city of Duluth, was, upon his own petition and without the knowledge or consent of any of the relatives of deceased, appointed special administrator of the estate by the probate court of Carlton county, Minnesota, and on the following day brought this action against the defendant to recover damages for the death of deceased by wrongful act of defendant. Defendant answered setting up the settlement. February 1 Castigliano was appointed general administrator of the estate in Carlton county. The administrator in Missouri and the defendant appeared and objected. The Missouri administrator appealed to the district court and July 1, 1913, the order appointing plaintiff general administrator was reversed and judgment entered. In the meantime plaintiff and defendant instituted proceedings in the Missouri probate court to have the appointment of Licavoli as administrator set aside and the settlement vacated, but were unsuccessful.

H. F. Greene had acted as attorney for Castigliano in the various proceedings and finally intervened in the action, claiming a lien for his services and a right to a judgment against defendant therefor. Defendant demurred to the complaint of the intervener, which was

sustained by the district court, but was reversed on appeal. The defendant answered and the case was tried to the court without a jury and judgment ordered in favor of the intervener for $737.50, together with interest and the costs and disbursements. Judgment was entered thereon and defendant appealed.

In his complaint the intervener alleges: That he was employed by Attilio Castigliano, Royal Italian Consular Agent at Duluth, who, upon his own petition has been appointed special administrator of the estate of deceased. October 15, 1912, this suit was brought against the defendant to recover damages for the death of deceased by wrongful act of defendant. October 22, 1912, Domenico Licavoli, general administrator of the estate, made a settlement with the defendant, whereby defendant paid to him as such administrator the sum of $2,350, taking a receipt therefor in full settlement and release for all claims for damages on account of the death of the said Palazzolo. That the intervener had a special agreement with Castigliano for his compensation as attorney in the action at the rate of 25 per cent of all money paid on account of the death of deceased, and that the services of bringing the action were of the reasonable value of not less than one-fourth of the amount of the settlement; and that his expenses connected therewith amounted to $150. The proofs upon the trial failed to substantiate these allegations. The intervener testified, upon direct examination, that he had an agreement in the form of a letter, dated October 14, 1911, from one Charles C. Hyde, of Chicago, General Counsel for the Italian Consul General at Chicago, to take care of all the Italian Consul cases in his district in Minnesota; that this was the contract upon which he relied and acted in the case at bar. The letter was offered in evidence, the material part of which is as follows:

"My dear Mr. Greene:

"I have to inquire whether you desire to take charge of such Italian cases as may arise in your county and in others immediately adjacent thereto such as Itasca, Aitkin, Carlton, Lake and Cook, by reason of accidents resulting in death claims or claims for personal injuries.

"By my own arrangement with the Italian Government terminable on thirty days' notice and extending to the end of the present fiscal year, June 30, 1912, I am in a position to offer you such cases on the

following basis: Your fees to be 22 per cent of the amount received in settlement provided suit is brought and declaration filed; an additional 3 per cent to be charged and secured for this office for its services of supervision and co-operation, making a total charge of 25 per cent for legal services; no charge to be made for any cases settled prior to the filing of declaration (or what may be equivalent thereto under your code); no distinction to be made between personal injury and death cases; the Italian consulate at Chicago or its agent at Duluth to advance court cases; investigation to be made by your office with the co-operation of Mr. A. Castigliano, Consular Agent at Duluth, according to whatever arrangement you may mutually agree upon, but without any charge to the Italian Consulate or its agency."

Greene testified upon the trial: That he had been reimbursed by the Italian consul at Chicago for his expenses; that his services in the present case, rendered prior to his learning of the settlement, consisted in the drawing and service of the summons and complaint; that the same was of the reasonable value of from $100 to $150, and that his other services were in connection with proceedings in probate court. It is clear that neither the allegations of the complaint nor the judgment are supported by the proofs. The letter from Charles C. Hyde to intervener, written more than a year prior to the death of Palazzolo, was not admissible for any purpose. Greene did not rely nor base his rights to recover upon the reasonable value of his services but upon contract.

After the trial in the district court and before the decision was filed, Greene died, and Susan Ryan Greene was substituted in his stead herein.

Judgment reversed.

HALLAM, J. (dissenting).

It seems to me that under the former decision in this case (129 Minn. 279, 152 N. W. 413), the intervener was entitled to reasonable compensation for his services in the case against the railway company. On that appeal he claimed a contract with the special administrator, but it was held that this contract was not binding on the question of amount. On the later trial he still claimed to have such a contract (probably a void one if any at all), but he did not

rely altogether on it as it seems to me. He introduced evidence also on the question of reasonable value. I cannot see how we can avoid allowing recovery on this theory.

It seems to me his recovery must be limited to the value of services rendered up to the time of settlement. The testimony is that this was from $100 to $150.