## STATE EX REL. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY AND ANOTHER v. THE PROBATE COURT IN AND FOR HENNEPIN COUNTY AND ANOTHER.[1]

July 15, 1921.

No. 22,328.

**When defendant can object to appointment of administrator who is suing him.**

1. One against whom an administrator asserts a right of action has no standing in the probate court to object to the administrator whom the court has appointed, unless the appointment is void on the face of the record.

**When action lies in Minnesota for wrongful death of nonresident outside of state.**

2. An action may be maintained in this state to recover on a claim for wrongful death of a nonresident of the state, suffered out of the state. An administrator may be appointed in this state where the only asset is such a death claim.

**Appointment of foreign administrator does not affect jurisdiction of probate court.**

3. The fact that an administrator has been appointed in another state and an action on the death claim commenced there, does not go to the jurisdiction of the probate court of this state.

Upon the relation of the Chicago, Burlington & Quincy Railroad Company and the Chicago, Rock Island & Pacific Railroad Company, the district court for Hennepin county granted its writ of certiorari directed to the probate court for that county and the Honorable John A. Dahl, judge thereof, to review the order of the probate court denying relators' petition for an order revoking and annulling special letters of administration and vacating proceedings in that court on the ground the court had no jurisdiction. The matter was heard by Leary, J., who

[1] Reported in 184 N. W. 43.

quashed the writ. From the order quashing the writ, relators appealed. Affirmed.

*Stringer & Seymour* and *Barrows, Stewart & Metcalf,* for appellants.

*Tautges & Wilder* and *J. H. Sapiro,* for respondents.

HALLAM, J.

Conrad Sohl was a resident of Saunders county, Nebraska. On March 26, 1920, he was killed in Nebraska in a collision between a train and a gasolene speeder. It is claimed both relators are liable in damages for his death under the Federal Employer's Liability Act of April 22, 1908. Kate Sohl, the widow of deceased, made application to the probate court of Hennepin county, asking for the appointment of a special administrator of the estate of deceased. The petition alleged that petitioner was then of Hennepin county; that deceased died a resident of Saunders county, Nebraska, leaving no personal property there, and that the property of deceased consisted in part of a claim for wrongful death against both relators, and asked that the Wells Dickey Trust Company be appointed special administrator. Thereupon the probate court made an order appointing said company as special administrator and special letters of administration were issued accordingly.

The special administrator commenced suit against relators to recover damages for the death of Sohl. Thereupon relators petitioned the probate court for an order revoking and annulling the special letters of administration and vacating all proceedings in that court on the ground that the probate court had no jurisdiction in the premises. The probate court denied the petition and certiorari is brought to review this determination.

The facts on which the claim of relators is based are in substance as follows: Sohl was a resident of Nebraska; the accident occurred in Nebraska and Sohl died there; it is claimed that his dependents live there, though the record in the probate court of Hennepin county recites that the widow is "of said county." An administrator was appointed by a Nebraska court and said administrator, before the commencement of proceedings in this state, brought action in Nebraska on said death claim against the relator Rock Island Railway Company. Said action was removed to the Federal court of that district and is there pending.

149 M.—30.

1. Respondent challenges the right of relators to question the regularity of the appointment of the administrator in this state. It is doubtless true that a mere debtor of an estate, or one against whom an administrator asserts a right of action, has no concern with the personnel of the administrator and has no standing in court to object to the administrator whom the court has appointed. In re Hardy, 35 Minn. 193, 28 N. W. 219. We think it also true that such a person has no right to review the probate court's determination of jurisdictional facts. His only concern is that he may be assured that, when he makes payment, that payment will discharge the debt paid, and that, if sued, the determination of the suit will be an adjudication final and binding. Unless the proceeding in which the administrator is appointed is void on the face of the record, he is so protected. Fridley v. Farmers & M. S. Bank, 136 Minn. 333, 162 N. W. 454, L.R.A. 1917E, 544. Payment to an administrator whose appointment is on its face void, affords him no protection, and, when such an administrator brings suit against him, we are of the opinion that he may, either in the probate court or in the court in which the suit is brought, have the void appointment judicially declared void. This is inferable from the principles stated in Bombolis v. Minneapolis & St. L. R. Co. 128 Minn. 112, 150 N. W. 385; Fridley v. Farmers & M. S. Bank, supra. See also Reynolds v. Lloyd Cotton Mills, 177 N. C. 412, 99 S. E. 240, 5 A.L.R. 284; Jeffersonville R. Co. v. Swayne's Admr. 26 Ind. 477. The decision in In re Hardy, supra, should not be construed as committing the court to a contrary doctrine.

2. The appointment of this administrator was not void on its face. On the contrary, the record of the probate court is perfectly regular. An action may be maintained in this state to recover on a claim for wrongful death of a nonresident of this state suffered out of the state. This was held in State ex rel. Bossung v. District Court of Hennepin County, 140 Minn. 494, 168 N. W. 589, 1 A. L. R. 145, where the action was brought by a foreign administrator. If such an action may be maintained by a foreign administrator, it seems quite clear that the administrator might be appointed in this state. The existence of a cause of action which may be sued on in this state is sufficient showing of assets to give the Minnesota probate court jurisdiction to appoint an administrator to prosecute the action. Morris v. Chicago, R. I. & Pac. Ry. Co.

65 Iowa, 727, 23 N. W. 143, 54 Am. Rep. 39; Leonard v. Columbia Steam Nav. Co. 84 N. Y. 48, 38 Am. Rep. 491; Castigliano v. Great North. Ry. Co. 129 Minn. 279, 152 N. W. 413; Hutchins v. St. Paul, M. & M. Ry. Co. 44 Minn. 5, 46 N. W. 79; Brown's Admr. v. Louisville & N. Ry. Co. 97 Ky. 228, 30 S. W. 639.

3. The fact that another administrator has been appointed in another state and another action commenced there does not go to the jurisdiction of the probate court. It does not seem to us to have any decisive bearing on the case. There can be but one recovery.

Order affirmed.