## LANCASTER & WALLACE v. SEXTON.
### (No. 2634.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 22, 1922. Rehearing Denied Dec. 7, 1922.)

**1. Executors and administrators ⊕12—County court of county in which action for death of employee under federal Employers' Liability Act could be brought could appoint administrator for his estate.**

The county court of·a county in which an action could be brought for the death of a railroad employee under the federal Employers' Liability Act (U. S. Comp. St. § 8662) had jurisdiction to appoint an administrator, though there was no tangible property situated within the state, notwithstanding Rev. St. art. 3280, providing that no administration on any estate shall be granted unless it be made to appear to the satisfaction of the court that there exists a necessity therefor; such a cause of action being an estate within such county within statutes providing for administration.

**2. Executors and administrators ⊕3(5) — Court in determining necessity for administration will consider duties to be performed by administrator under prevailing laws.**

In determining the necessity for an administration under Rev. St. art. 3280, courts will take into consideration all the duties which under the prevailing laws an administrator is required to perform, and all the rights to be secured by an administration.

**3. Executors and administrators ⊕12—Situs of personal·property for purposes of administration in state where located.**

The situs of tangible personal property for purposes of administration is in the state where it is located.

**4. Executors and administrators ⊕12—Situs of debt for purposes of administration ordinarily in state where debtor resides.**

The situs of a debt for purposes of administration is ordinarily where the debtor resides.

**5. Judgment ⊕822(2)—Decree of court of other state enjoining temporary administratrix from prosecuting action in Texas held not of force in subsequent action by permanent administrator.**

Decree of court of other state enjoining administratrix appointed by a county court of Texas from prosecuting action in Texas was not entitled to full faith and credit in subsequent action in Texas by administrator appointed by such county court, when such temporary administratrix renounced her right to be appointed permanent administratrix, since such decree of other state, if it had sought to prevent the appointment of another administrator, would have been void as an exercise of extraterritorial power.

**6. Judgment ⊕818(1) — Full faith and credit clause of Constitution refers to judgments rendered by courts having jurisdiction.**

The full faith and credit clause of the Constitution refers to judgments of courts having jurisdiction of the person of the defendant, and of the subject-matter in litigation.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by R. A. Sexton, administrator, against Lancaster & Wallace, receivers. Judgment for plaintiff, and defendants appeal. Affirmed.

Prendergast & Prendergast, of Marshall, for appellants.

Jones, Sexton & Jones, of Marshall, for appellee.

HODGES, J. In February, 1921, W. T. Dunn was killed in Iberville parish, La., while an employee assisting in the operation of a Texas & Pacific train engaged in interstate commerce. Dunn, together with his wife and two children, resided at that time in Jefferson parish, La., over 300 miles from Harrison county, Tex., where this litigation originated. The Texas & Pacific Railroad, of which the appellants are receivers, runs from New Orleans, La., into the city of Marshall, the county site of Harrison county, Tex. In August, 1921, Mrs. Dunn, while still residing with her children in Louisiana, applied to the county court of Harrison county to be appointed administratrix of the estate of her deceased husband; the purpose of the appointment being to prosecute a suit against the receivers for damages resulting from the death of Dunn. After being appointed temporary administratrix, she filed a suit as such against the receivers of the Texas & Pacific Railroad Company for $60,000 in the district court of Harrison county. In September following, the receivers applied for and secured from the district court of Jefferson parish, La., an injunction restraining Mrs. Dunn, her agents, and attorneys, from prosecuting that suit against the receivers. On October 25th that court, upon a further hearing, dissolved the injunction theretofore granted. The receivers appealed from that judgment to the Supreme Court of the State of Louisiana and secured a suspensive order pending the appeal. This order had the legal effect of continuing the injunction till dis-

---

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

solved on appeal. On September 14th, while the injunction was in full force, Mrs. Dunn renounced her right to be appointed permanent administratrix of the estate of her deceased husband, in favor of R. A. Sexton, a citizen of Harrison county, Tex.; and the latter was appointed at the final hearing on the original application. Sexton thereafter filed an amended original petition in the case pending against the receivers, substituting himself for Mrs. Dunn as the plaintiff, and undertook the prosecution of that suit as administrator, for the benefit of Mrs. Dunn and her minor children. Some time later the appellants as receivers filed a bill of review in the district court of Harrison county, seeking to set aside the order appointing Sexton as administrator. From an adverse judgment the receivers have brought the case to this court.

The contentions of the appellants in this appeal are, in substance, thus stated in their brief: (1) The administration taken out in Harrison county was not authorized by the laws of Texas, because the deceased left no estate there. (2) The district court of Harrison county appointing Sexton as administrator refused to give full faith and credit to the judgment of the district court of Jefferson parish, La., which enjoined Mrs. Dunn from prosecuting a suit for damages. (3) The appointment of Sexton, made upon the renunciation of Mrs. Dunn after she had been enjoined, was only an attempt to evade the force and effect of the injunction issued by the Louisiana court. These contentions are presented by appropriate assignments of error.

[1, 2] Logically, the first question that arises is that which relates to the jurisdiction of the county court of Harrison county to appoint an administrator of the estate of W. T. Dunn in the absence of some tangible property situated within the state of Texas, and under the conditions disclosed by this record. Dunn was killed in the state of Louisiana, while he and his family were residing there. It is not claimed that he had any tangible property situated in Texas, which required the appointment of an administrator. It in fact appears that Dunn left no property of any kind, other than the cause of action accruing to his wife and children, which called for the appointment of an administrator. That such a cause of action is an estate within the meaning of our statute which provides for administration has been definitely decided. Rivera v. A., T. & S. F. Ry. Co. (Tex. Civ. App.) 149 S. W. 224; A., T. & S. F. Ry. Co. v. Berkshire (Tex. Civ. App.) 201 S. W. 1093. Article 3280 of our Revised Civil Statutes provides that—

"No administration upon any estate shall be granted, unless it be made to appear to the satisfaction of the court that there exists a necessity therefor, such necessity to be determined by the court hearing the application."

In determining the necessity for an administration, courts will take into consideration all the duties which under the prevailing laws an administrator is required to perform, and all the rights to be secured by an administration. To refuse an administration in a situation like this would, in many instances, destroy the value of the right of action which Congress has created mainly for the benefit of the laboring class.

But conceding that such a cause of action constitutes an estate of which the probate court should, under proper conditions of residence, take cognizance, the further question arises: Did that estate exist in Harrison county for purposes of administration? In other words, where was the situs of this estate which grew out of the wrongful killing of W. T. Dunn? Was it in Louisiana, or in Texas, or in both states? A valid claim for damages, based upon transactions of this character, is a chose in action; it is a debt resting upon an obligation which the law imposes on a wrongdoer to pay adequate compensation to an injured party, or to his representative. Like other debts not evidenced by some form of writing, it follows the person of the debtor, and its payment may be enforced in any forum where the debtor may be found. The presumption is that as long as the debt is unpaid the debtor has in his possession funds, or money, which he should deliver upon demand to his creditor. That obligation accompanies the debtor wherever he may go.

[3, 4] The situs of tangible personal property for purposes of administration is in the state where it is located; but the situs of a debt for purposes of administration is, ordinarily, in the state where the debtor resides. 2 Wharton on Conflict of Laws (3d Ed.) p. 1363. It is there that the debtor is expected to be found and proceeded against in some court of competent jurisdiction. Section 8662 of the United States Compiled Statutes, referring to the liability created by the act of which this is a part, provides that an action may be brought for the purpose of enforcing such liability in a Circuit Court of the United States in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this act is made concurrent with that of the courts of the several states. The Texas & Pacific Railroad transacted business in Harrison county and had a legal residence in Texas. Under the laws of Texas regulating venue, the receivers might be sued in Harrison county upon claims of this class. The cause of action was created by the laws of the United States; hence the local laws of the state where the injury occurred could not control liability. Since the residence of the debtor, and not that of the creditor, fixes the situs of property of this character, there was an

estate in Harrison county of which the probate court in a proper proceeding could take cognizance. The fact that the debtor, the railway company, had another residence, for business purposes, in a different state, does not legally affect the situation. If in a suit jurisdiction over its person may be acquired in Harrison county because of its presence in that county, there does not appear any good reason why it should not be proceeded against in that county. It can have no defense in Louisiana of which it would be deprived when sued in Texas.

[5, 6] The last contenton is that the district court refused to give full faith and credit to the judgment of the district court of Louisiana by ignoring the injunction issued against Mrs. Dunn. The restraining order issued against Mrs. Dunn did not seek to interfere with her probate proceedings, but enjoined her from the prosecution of a suit against the receivers for damages founded upon the injury resulting in the death of her husband. The two proceedings are entirely distinct. In the judgment here appealed from nothing was adjudicated which imposed any liability upon the appellants. True, it was an essential preparatory step, but it was no part of the suit for damages. Until another suit had been filed in another court of competent jurisdiction, appellants were not called upon to make any defense. Whether or not Sexton violated the spirit of that injunction in filing an amended petition in that suit for damages, which had been commenced by Mrs. Dunn, presents another question, and one which we are not now called upon to decide. However, it is proper to here observe that while a court of Louisiana may, under certain conditions, restrain by injunction its own citizens from prosecuting a suit in another state, such court cannot otherwise interfere with the judicial proceedings going on in another state. Proceedings to procure the appointment of administrators are actions in rem, which may originate at the instance of any legally eligible or interested person. Upon the filing of the application for the appointment as administratrix by Mrs. Dunn and the giving of the notice required by law, the county court of Harrison county had the power to appoint some other suitable person—any reputable citizen of that county. Mrs. Dunn had no such exclusive right to the appointment as to make her continued prosecution of the proceedings essential to the power of the probate court to make an appointment. Her right was merely one of priority under the provisions of our statute, which she might waive; and certainly it cannot be said that she could be, or was, restrained by the judgment of the Louisiana court from renouncing that prior right. That renunciation did not divest the county court of the power to appoint Sexton, a reputable citizen of that county.

Sexton was not in contempt of the Louisiana court, because he was not acting as the representative of Mrs. Dunn. If we should construe the restraining order of the Louisiana court as an attempt to stay the proceedings in the probate court of Harrison county, and thereby prevent the appointment of any person as administrator of the estate of Dunn, the judgment would belong to a class to which the courts of this state are not required to give faith and credit, for the reason that the courts of a state cannot exercise such extraterritorial power. The full faith and credit clause of the Constitution refers to judgments rendered by courts having jurisdiction over the person of the defendant and the subject-matter in litigation. Old Wayne Mu. L. Ass'n v. McDonough, 204 U. S. 8, 27 Sup. Ct. 236, 51 L. Ed. 345; Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 526, 50 L. Ed. 867, 5 Ann. Cas. 1. That the question of jurisdiction of a court is not concluded by the judgment it renders, in such instances, has been repeatedly decided.

The judgment will be affirmed.