23 Cal.2d 676 (1944)
Estate of FREDERICK ALBERT WAITS, Deceased. THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY (a Corporation), Appellant,
v.
CHARLOTTE E. LEET, as Administratrix, etc., Respondent.
S. F. No. 16906. 
Supreme Court of California. In Bank. 
Feb. 10, 1944.
 J. C. Gibson, Leo E. Sievert, H. K. Lockwood and L. W. Butterfield for Appellant.
 Hildebrand, Bills & McLeod and Louis H. Brownstone for Respondent.
 TRAYNOR, J.
 Petitioner, The Atchison, Topeka and Santa Fe Railway Company, appeals from two orders denying motions to set aside the appointment of Charlotte E. Leet as administratrix of the estate of Ivan R. Miller and of the estate of Frederick Albert Waits. These appeals have been consolidated because they involve substantially the same facts and the same legal question. The petitions for letters of administration were filed in the Superior Court of Alameda County on August 15, 1942. The petition in the Miller estate alleged that Ivan R. Miller was a resident of Albuquerque, New Mexico, where he died, and that "it is necessary that an Administratrix be appointed in order to prosecute a claim for damages against said Atchison, Topeka and Santa Fe Railroad Co., for the death of said deceased, under the provisions of the Federal Employers' Liability Act (45 U.S.C.A., sec. 51 et seq.); that under the provisions of said act, such suit, although prosecuted in the name of the Administratrix, is for the benefit of the mother of said decedent, and that any recovery in such action belongs to the mother of said decedent as his heir at law, and is not a part of the estate of said decedent. ..." The petition also alleged that the foregoing claim is the sole estate of said decedent. The allegations of the petition in Estate of Waits were identical, except that there it appeared that Frederick Albert Waits, who died in Albuquerque, New Mexico, was a resident of Navajo County, Arizona, and that any recovery under the liability act would be for the benefit of his wife and minor son. On September 18, 1942, these petitions were granted, *678 and letters of administration were issued to Charlotte Leet. On October 3, 1942, in the Contra Costa County Superior Court, Charlotte Leet, as administratrix of the estate of Ivan R. Miller, brought suit against petitioner for negligently causing the death of Miller. On the same date she brought a similar action against petitioner for causing the death of Waits. On October 15, 1942, petitioner moved to set aside the appointment of respondent as administratrix. On January 4, 1943, both motions were denied.
 [1] Petitioner contends that the probate court lacked jurisdiction to appoint respondent as administratrix. This contention must be sustained unless the cause of action for wrongful death can be regarded as "estate" within Alameda County, for the Probate Code authorizes administration only in the county in which the decedent was a resident, or where he left estate. (Prob. Code, sec. 301.)
 It is generally recognized that the courts of a state other than that in which the decedent was domiciled cannot appoint an administrator if there are no assets within the jurisdiction. (See 21 Am.Jur. 395; Restatement, Conflict of Laws, sec. 467.) It is also generally recognized that a cause of action for wrongful death, which is enforceable within the jurisdiction, and which the personal representative is charged with enforcing, is such an asset. (State v. Probate Court, 149 Minn. 464 [184 N.W. 43]; Lancaster & Wallace v. Sexton (Tex.Civ.App.), 245 S.W. 958; Southern Pac. Co. v. De Valle Da Costa, 190 F. 689 [111 C.C.A. 417]; Jordan v. Chicago & Northwestern Ry. Co., 125 Wis. 581 [104 N.W. 803, 110 Am.St.Rep. 865, 4 Ann.Cas. 1113, 1 L.R.A.N.S. 885]; McCarron v. New York Cent. R. Co., 239 Mass. 64 [131 N.E. 478]; Lund v. City of Seattle, 163 Wash. 254 [1 P.2d 301]; Berry v. Rutland Railroad Co., 103 Vt. 388 [154 A. 671]; In re Mayo, 60 S.C. 401 [38 S.E. 634, 54 L.R.A. 660]; Howard v. Nashville C. & St. L. Ry. Co., 133 Tenn. 19 [179 S.W. 380]; see 3 Beale, Conflict of Laws [1935], p. 1457 et seq.; 21 Am.Jur. 396; 59 A.L.R. 92; Restatement, Conflict of Laws, sec. 467.) It has thus frequently been held that an administrator may be appointed to enforce a cause of action for death under the Federal Employers' Liability Act even though there are no other assets in the jurisdiction. (State v. Probate Court, supra; Lancaster & Wallace v. Sexton, supra; McCarron v. New York Cent. R. *679 Co., supra; Howard v. Nashville C. & St. L. Ry. Co., supra.)
 The Federal Employers' Liability Act authorizes suit by the aggrieved party in any state where the carrier does business. (45 U.S.C.A., sec. 59; Miles v. Illinois Central R. Co., 315 U.S. 698 [62 S.Ct. 827, 86 L.Ed. 1129].) Since a suit requires the appointment of a personal representative (American R. R. Co. v. Birch, 224 U.S. 547 [32 S.Ct. 603, 56 L.Ed. 879]), who is ordinarily allowed to sue only in the state of his appointment (see Code Civ. Proc., sec. 1913), refusal to appoint an administrator in a state where suit is authorized by the act would nullify the very right the act grants. (See Howard v. Nashville C. & St. L. Ry. Co., supra.) An estate must exist before an administrator can be appointed, for if there were no estate there would be no function for the administrator to perform. (See Restatement, Conflict of Laws, comment to sec. 467.) Enforcement of a cause of action for wrongful death under the Federal Employers' Liability Act is a function that can be performed only by the administrator, and such a cause of action should therefore be regarded as an estate justifying his appointment.
 Petitioner relies on language in Michigan Central Railway Co. v. Vrecland, 227 U.S. 59, 68 [33 S.Ct. 192, 57 L.Ed. 417], to the effect that the cause of action provided by the act is independent of any other that the deceased might have. This reasoning applies to any cause of action consequent to the death of the decedent, such as a cause of action for the payment of life insurance on a policy executed for the benefit of the estate. If a cause of action matures concurrently with the decedent's death, it does not follow that no administrator should be appointed to enforce it. Petitioner relies also on language in Lindgren v. United States, 281 U.S. 38, 41 [50 S.Ct. 207, 74 L.Ed. 686], to the effect that the cause of action under the act is not part of the estate of the deceased, and on similar statements in Ruiz v. Santa Barbara Gas etc. Co., 164 Cal. 188 [128 P. 330]; Estate of Riccomi, 185 Cal. 458 [197 P. 97, 14 A.L.R. 509], and Costa v. Superior Court, 137 Cal. 79 [69 P. 840], concerning the California wrongful death statute. In the Lindgren case, however, the court held merely that no suit could be brought under the act unless one of the designated beneficiaries survived. In Ruiz v. Santa Barbara it was held only that a special administrator could commence and maintain an action under *680 the California statute, and that the general administrator could subsequently be substituted as plaintiff. In making the statement on which petitioner relies, the court was concerned only with the fact that the cause of action for wrongful death is for the benefit of persons who may not necessarily share in the remainder of the estate. The other California cases cited were likewise concerned with the fact that the cause of action for wrongful death is for such statutory beneficiaries and that the recovery is divided according to principles other than those ordinarily governing decedents' estates. In these respects the cause of action for wrongful death differs from most of the assets constituting the estate, but it resembles such assets in being held by the administrator and enforced by him on behalf of the beneficiaries. This resemblance is significant. Any assets controlled by the administrator should be regarded as an estate within the meaning of the code section authorizing the appointment of the administrator.
 [2] Petitioner contends that the situs of a debt is properly the domicile of the creditor, and that even if this cause of action is regarded as an estate it does not have its situs in Alameda County. The cause of action for wrongful death, however, is vested exclusively in the personal representative of the deceased (American R. Co. v. Birch, supra), and the logical result of this contention would be that this cause of action had no situs until an administrator was appointed. An intangible, unlike real or tangible personal property, has no physical characteristics that would serve as a basis for assigning it to a particular locality. The location assigned to it depends on what action is to be taken with reference to it. It has therefore been widely held that a debt has its situs at the domicile of the debtor for purposes of administration, since it may be necessary to sue him there and to have an administrator appointed to bring suit. (See 3 Beale, Conflict of Laws [1935], p. 1452; see 23 Minn. L. Rev. 221.) By the same reasoning a debt will be regarded as an asset wherever the debtor is subject to suit. (New England Mutual Life Ins. Co. v. Woodworth, 111 U.S. 138 [4 S.Ct. 364, 28 L.Ed. 379]; Equitable Life Assurance Soc. v. Vogel's Executrix, 76 Ala. 441 [52 Am.Rep. 344]; see 23 Minn. L. Rev. 221.) The Federal Employers' Liability Act makes defendant subject to suit on this cause of action wherever defendant does business. *681 Since defendant does business in Alameda County the cause of action has a situs in Alameda County for purposes of administration.
 The orders are affirmed.
 Gibson, C.J., Shenk, J., Curtis, J., Edmonds, J., Carter, J., and Schauer, J., concurred.