H. B. SHIELDS, Administrator of BRAXTON SHIELDS v. UNION CENTRAL LIFE INSURANCE COMPANY.

*Administration—Appointment of Administrator of Resident of Another State Having Property in This State—Right to Sue Foreign Insurance Company.*

1. The grant of letters of administration on the estate of a decedent who, at his death, was domiciled and had assets in another State, is valid if it be shown that he owned property then in this State, no matter how or when it was brought into the jurisdiction of the court granting such letters.

2. An administrator having in his possession a policy issued on the life of his intestate, has a right to bring an action to recover the amount thereof, although an administrator has also been appointed in the State of the decedent's domicile.

3. A corporation of a foreign State is permitted to do business outside of the State in which it was chartered as a matter of comity, but always with the proviso that it is subject to the law of the State where it does business and has no greater privileges than domestic corporations under its statutes, and a provision in the charter of a life insurance company that it shall be sued only in the State where it was chartered and organized is no defense to an action by an administrator of a decedent in another State.

4. Sections 194 and 195 of *The Code* confer jurisdiction against all corporations doing business in this State.

CIVIL ACTION, tried at August Term, 1896, of MOORE Superior Court, before *Starbuck, J.* The decedent, Braxton Shields, was domiciled at the time of his death in the State of Alabama, where, according to the finding of the jury, he left sufficient assets, outside of the policy of insurance sued on in this action, to discharge his indebtedness due there. His body was brought to North Carolina and interred in Moore county, where he left assets, and where there were creditors of his estate, one debt due said estate

being a part of the burial expenses, and where his only heirs-at-law ( his brother Thomas Shields and Lydia Fry, wife of James Fry) reside. The decedent was at the time of his death engaged, under the firm name of Shields & Co., in the business of selling drugs in Selma in the State of Alabama with Clement Ritter, who is the sole surviving partner, and has, under the laws of the State of Alabama, the exclusive right to wind up the affairs of said partnership and settle its indebtedness. The intestate, outside of the obligations of the said partnership, owed in Alabama at the time of his death to L. A. Moore $75, evidenced by note dated March 26, 1894, and his estate incurred liability there, after his death, to J. Brislin for a casket $70, and to Clement Ritter individually $139.60 for expenses of attention to and removal of the body of the deceased to North Carolina for burial. J. Brislin, who held the claim for $70, was duly appointed and qualified as administrator in Alabama. Subsequently the plaintiff H. B. Shields was appointed administrator by the clerk of the superior court of Moore county, and was duly qualified. In order to facilitate the settlement of the estate, the administrator Shields and the heirs-at-law and distributees, Thomas Shields and Lydia Fry, together with her husband, entered into an agreement with the surviving partner, Clement Ritter of Selma, Alabama. They sold and assigned to him all of the right, title and interest of Braxton Shields in the property and effects of the firm of Shields & Co., and authorized him (Ritter) to pay $70 due Brislin, and to reimburse himself for expenses incurred in bringing the body to Moore county for burial. Ritter executed a bond to idemnify Shields as administrator against any indebtedness of Braxton Shields as a member of the firm of Shields & Co. and all individual indebtedness of Braxton Shields. H. B. Shields signed an agreement to repay

Ritter his own advancements for expenses after the death of the intestate, and to hold him harmless on account of his promise to pay Brislin $70 for the casket, provided the insurance policy sued on should be paid to him, or other funds received by him, sufficient to settle the indebtedness. Brislin assented to the agreement entered into with Ritter, and Ritter, who had possession of the policy, turned it over to Shields as administrator.

The issues and findings were as follows:

" 1. Did the plaintiff's intestate die intestate in the city of Selma, in the State of Alabama? Answer, ' Yes.'

" 2. At the time of his death was the plaintiff's intestate due his creditors for debts contracted in the State of Alabama? Answer, ' Yes.'

" 3. Have letters of administration been granted on the estate of plaintiff's intestate in the State of Alabama, and if so, when? Answer, ' Yes, on October 28, 1895.'

" 4. Has the administrator of said intestate in the State of Alabama made a demand on the defendant company for the amount alleged to be due on the policy of insurance set out in the complaint? Answer, ' No.'

" 5. Did the plaintiff enter into the contract and agreement with Clement Ritter, and said Ritter have executed and delivered the indemnifying bond, as alleged in the complaint of plaintiff? Answer, ' Yes.'

" 6. Did Judson Brislin agree in February, 1895, to the arrangement and contract made by the plaintiff with Clement Ritter as alleged in the complaint? Answer, ' Yes.'

" 7. Was a part of the burial expenses of Braxton Shields contracted in the County of Moore, State of North Carolina? Answer, ' Yes.'

SHIELDS *v.* LIFE INSURANCE COMPANY.

" 8. At the time of his death was the domicile of the plaintiff's intestate, Braxton Shields, in the State of Alabama? Answer, ' Yes.'

" 9. Is there sufficient assets in the State of Alabama belonging to the estate of Braxton Shields to fully pay off and discharge the indebtedness due from said estate in the State of Alabama, outside of the policy of insurance sued on? Answer, ' Yes.' "

The defendant admitted issuing the policy, the death of the insured, and its liability to the rightful representative of the deceased, but (among other defenses) averred :

" I. That it is denied that H. B. Shields is the duly appointed administrator of the estate of Braxton Shields, for the reason that the clerk of the superior court of Moore county did not have jurisdiction to appoint the plaintiff such administrator, said appointment having been made on the ground that the plaintiff's intestate was a resident of the State of North Carolina at the date of his death; whereas, in fact, at the date of his death he was a resident of the State of Alabama.

" II. That, at the date of his death, said Braxton Shields was a resident of the State of Alabama, was engaged in business in said State, and was largely indebted to various residents thereof. The defendant further states that it is ready and willing to pay said policy to any administrator who shall properly and legally be appointed, at the place of said Braxton Shields' domicile, but it denies the right of the plaintiff herein to compel the payment of said policy in the State of North Carolina."

As an amendment to its answer the defendant said :

" I. That, since the filing of its answer herein, letters of administration have been granted upon the estate of Braxton Shields to Judson Brislin, by P. G. Wood, Probate Judge of Dallas county in the State of Alabama, of which

said county and State the said Braxton Shields was a resident at the time of his death and in which he died. That said administrator has demanded of the said defendant company the amount due the estate of said Braxton Shields by reason of his death and the policy of insurance in this action declared on.

" II. That the defendant is advised and believes that the policy of insurance herein declared on is properly and legally payable (if at all) to the administrator of the estate of said Braxton Shields in the County of Dallas in the State of Alabama, where the said deceased had his residence, owed debts and died ; and that the plaintiff is not entitled to recover in this action for the reasons aforesaid."

The judgment rendered was as follows :

" It being admitted by the plaintiff that defendant company is a non-resident corporation, and a resident of the State of Ohio, and having a branch office in the State of North Carolina, it is adjudged that the plaintiff recover and take nothing by his suit, and that defendant recover from plaintiff and his surety the costs of action."

The plaintiff moved for judgment on the pleadings, findings of the jury and admissions. The court denied the motion for reasons set forth in the judgment, and the plaintiff appealed.

*Messrs. Douglass & Spence*, for appellant.
*Messrs. Black & Adams*, for appellee.

AVERY, J. : The grant of letters testamentary to H. B. Shields on the estate of Braxton Shields, upon proof that he owned property then in this State, no matter when or how such chattels were brought within his jurisdiction, was valid, although it appeared that the decedent at the time of his death was a resident of the State of Alabama, and left assets there also. *Hyman* v. *Gaskins*, 5 Ired., 267, *Code*, Sec. 1374 (3). Being in under a valid appoint-

ment, and having in his hands the policy sued on, the law did not allow the debtor to contest his right to collect on behalf of the administrator in Alabama. Whether Brislin, as the administrator appointed in the jurisdiction where his domicile was at the time of death, could in a proper proceeding recover the policy, as an evidence of debt due the estate or the proceeds when collected, is a question that does not arise. The acts of an administrator who is not entitled to the appointment are not invalid. He is clothed with all the power of a properly constituted personal representative, and, though one who has the better right may insist upon his removal, he cannot impeach his acts while in office. In so far as he who has been ousted has administered the estate his acts, like those of a *de facto* officer, are as valid and binding as if he had been the incumbent *de jure*. *Garrison* v. *Cox*, 95 N. C., 353 ; *Springer* v. *Shavender*, 116 N. C., 12 ; *Lyle* v. *Siler*, 103 N. C., 261 ; *London* v. *Railroad*, 88 N. C., 584. Having been appointed by a court having jurisdiction, and being bound to administer all assets that come into his hands or the hands of any other person for him, the plaintiff, with the policy in his possession, has the right to demand payment and the authority to have his demand, if resisted, enforced through the courts. Indeed, the law devolved upon him the duty of collecting it. *Williams* v. *Williams*, 79 N. C., 417. The payment of the money in satisfaction of a judgment in this action could not be hereafter drawn in question by Brislin, as administrator of the jurisdiction where he resided, leaving out of view all of the agreements between the heirs-at-law and distributees and the two administrators. *London* v. *Railroad, supra.* Whether Brislin in his representative capacity could

SHIELDS *v.* LIFE INSURANCE COMPANY.

recover, or whether the Alabama creditors could recover, against the plaintiff, is a question which in no way affects the rights of the defendant.

It is needless, for the reasons given, to discuss or pass upon the effect of Brislin's execution of the agreement operating as an assignment. It is sufficient for the maintenance of this suit that the plaintiff is lawful administrator, and has in his hands an unpaid *chose in action* which the defendant owes to the decedent's estate.

The judge who tried the case below seems to have rendered judgment for the defendant upon a demurrer *ore tenus* to the jurisdiction on the ground that an action could only be brought against the defendant company, under the provisions of its charter, in the State of Ohio. It is familiar learning that a corporation is permitted to do business outside of the State where it is created, as a matter of comity, but always with the proviso that it is subject to the laws of the forum and has no greater privileges than domestic corporations under its statutes. *Barcello* v. *Hapgood*, 118 N. C., 712, at p. 728. The defendant has been brought into court and has answered on the merits. *The Code*, Sections 194 and 195, confers jurisdiction against all foreign corporations doing business in the State, and provides for removal to the proper county, when that named in the summons and complaint is not the proper one. *McMinn* v. *Hamilton*, 77 N. C., 300.

The court below erred in refusing the plaintiff's motion for judgment, and the ruling below is reversed. The case must be remanded, to the end that judgment may be entered for the plaintiff in accordance with the verdict.

Reversed.