This action was brought by the plaintiff to recover damages of the defendant, a domestic corporation of North Carolina, on account of the death of his intestate, Jake Metcalf, alleged to have been caused by the negligence of the defendant. The intestate was a resident of South Carolina and was killed in that State while engaged in trying to drive an engine and cars over the railroad bridge and trestle at Buffalo Creek. The bridge and trestle were on the line of the railroad of the South Carolina and Georgia Extension Railway Company of South Carolina, a domestic corporation of that State. The allegation of the plaintiff in his complaint is that the intestate at the time of his death was in the service of the defendant, and was running a train of cars and engine from Blacksburg in South Carolina to Marion in North Carolina. The plaintiff was qualified as administrator of the intestate in Rutherford County, North Carolina.
The first question we are called upon to decide is whether or not the plaintiff can maintain his action in this State. The statute laws of South Carolina, following the text of what is known as Lord Campbell's Act, give the right of action to an administrator in cases where death has ensued upon injury caused by the wrongful act, neglect, or default of another, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party to maintain an action and recover damages in respect thereof. Those statutes are substantially like the statutes of North Carolina on that subject, and the method of distribution of recoveries is the same in both States. The contention of the counsel of the defendant is that, as the right of action arose in South Carolina where the death occurred, the right was an asset in the State of South Carolina and it could be controlled and recovered only by an administrator appointed in South Carolina; and *Page 463 
it was argued by the counsel that this Court should adopt that (657) construction of the South Carolina statutes for the reason that the Supreme Court of South Carolina had made decision to that effect in the case of In re Estate of Mayo, 60 S.C. 401, 54 L.R.A., 660. If such had been the construction of the South Carolina statute, we would feel bound to follow that construction in the present case; but upon a careful reading of that case, we cannot agree with the counsel as to their interpretation of the same. Unembarrassed, then, as we think, by any decision of the court of South Carolina on the exact point, we are free to give the statute such construction as we think may be reasonable and just for all concerned, and at the same time consonant with the meaning and intention of the lawmaking power.
The South Carolina statutes do not say that in such cases the right of action is limited to a personal representative appointed in that State and amenable to its jurisdiction. If they did, we would be controlled by the requirement. The liability of the person or corporation being fixed and made absolute where death arises from their negligence, a right of action has accrued, and it seems to us that that liability can be enforced in any court which may have jurisdiction of the subject-matter and can acquire jurisdiction of the offenders, and where the laws are the same as where the liability occurred. The action certainly is in the nature of trespass to the person, and all such actions have been uniformly held to be transitory.
In North Carolina, as we have seen, our statute law is substantially, if not exactly, like the statutes in this respect in South Carolina, and how can it be said that our courts will not be permitted to enforce a liability, purely personal, recognized by the laws of both States, and not required by the law of the State where the liability was fixed to be enforced by a particular person in the latter State only?
We think the action was properly brought in this State. Upon facts similar to the facts in this case, there are many decisions of the courts confirming our view of this matter. Leonard v. (658)Nav. Co., 84 N.Y. 49, 38 Am. Rep., 491; Worden v. R. R., 13 L.R.A., 458; Demmick v. R. R., 103 U.S. 11, and cases there cited; Nelson v. R. R., 88 Va. 971, 15 L.R.A., 583. In the last-mentioned case the plaintiff was killed in West Virginia, administration was granted in Virginia, and the action was brought in Virginia. The statutes in both States were copies substantially of Lord Campbell's Act. The Court said there: "The plaintiff in this action is the duly appointed administrator of the deceased, and is therefore entitled to sue, for the statute of West Virginia does not say that suit shall be brought only by a personal representative appointed there; and as the rights of the parties are determined by the statute of that State, a *Page 464 
recovery in this action would be to the same use as would be a recovery in West Virginia. It would seem, therefore, to follow that a recovery in this action would be a complete bar to another action, here or elsewhere, for the same wrong; for it is not to be presumed that the rule of comity upon which a statute of one State is enforced in another would be so far disregarded by the courts of the former State as not to give free force and effect to the proceedings in the latter State where in a recovery is made."
There is a question of evidence involved in the appeal which presents error so clear and so serious that a new trial would have to be ordered, if there was no other error in the record. The whole evidence tended to show that at the time the intestate lost his life there was a great flood in the creek. The section master flagged down the train as it approached the trestle, and the section master, the conductor, the train hands and neighboring people went out on the bridge and trestle to make an examination. The section master testified that he advised the intestate not to attempt to cross, for the waters were higher than ever before (659) known, the bridge was already out of line and had subsided in places, and the whole surroundings were dangerous. He said further, and so did the conductor, that the intestate went to his engine and without signal from the conductor moved the engine forward over the bridge. The evidence then was that moving very slowly (the train hands having gotten off the cars and walked on over the bridge) the engine had crossed over that part of the bridge over the water and had struck the trestle on the ground when one of the bystanders, Jones, and others, exclaimed "Jake is safe." The trestle instantly gave way and the engine and tender were pulled back and fell into the water. Jones testified that "Just before the engine went down, I said that `Jake was safe' because I thought he had her on the mainland. I thought he was on solid ground. I looked carefully on the movement across the trestle, because I did not know what was going to happen. I could not tell what was going to happen. The track was not in good shape." That exclamation, "Jake is safe," was competent evidence going to show the dangerous condition of the bridge and the peril of crossing and the effect the effort to cross had on the bystanders. Especially so, as one of the witnesses said that the bridge and trestle were not apparently seriously out of order. The evidence was clearly a part of theres gestae under the rule in its strictest construction. His Honor admitted it as evidence, but in his charge he instructed the jury not to consider it as evidence. We might content ourselves with what has been written, for a new trial must be had for the reasons assigned, but it is well to add that we read no evidence, more than a scintilla, to the effect that the defendant was employed at the time of his death *Page 465 
by the defendant company. And we might as well add that on the plaintiff's own evidence it was not certain that his death was not caused proximately by his own negligence; but we will leave (660) that matter open.
New trial.
DOUGLAS, J., concurs in result.
Cited: Seawell v. R. R., 133 N.C. 519, 522; S. v. Spivey, 151 N.C. 681;Harrison v. R. R., 168 N.C. 384.