ALICE L. MOORE, ADMINISTRATRIX, APPELLEE, V. OMAHA
WAREHOUSE COMPANY, APPELLANT.

FILED APRIL 20, 1921. No. 21454.

Judgment: CONCLUSIVENESS: TORT-FEASORS. The personal representa-
tive of a deceased employee of an interstate carrier, whose death
was caused by the concurring negligence of the carrier and an-
other, is not precluded by a judgment recovered by such represen-
tative against the carrier, for the benefit of the widow, under the
federal employers' liability act, from maintaining a later action,
for the benefit of the mother of the decedent, under sections 1428
and 1429, Rev. St. 1913, against the other joint tort-feasor, where
the mother has neither right of action nor interest in the recovery
under the federal law. The personal representative, as plaintiff in
the respective actions, is a mere trustee for the parties beneficially
interested, and, since each action is in fact based upon a different
right and ground of recovery, the rule that a judgment against one
joint tort-feasor will release the other does not apply.

APPEAL from the district court for Douglas county:
CHARLES LESLIE, JUDGE. *Affirmed.*

*Raymond M. Crossman,* for appellant.

*Jefferis, Tunison & Wilson,* contra.

DORSEY, C.

Tim F. Moore was a switchman in the employ of the
Union Pacific Railroad Company, and died as the result
of being crushed between a railway freight car and the
platform or loading dock of the Omaha Warehouse Com-
pany while engaged in the line of his duty in placing cars
there. His widow, as administratrix, brought suit against
the railroad company under the federal employers' lia-
bility act, the basis of the action being that the company
was negligent in maintaining its side-track in too close
proximity to the warehouse platform. The administratrix
recovered judgment for $7,440, which was paid into court
and satisfied. The federal act under which the action
was brought provides that, in case of the death of a rail-
way employee while he is employed by such carrier in

interstate commerce, the carrier shall be liable in damages to his personal representative for the benefit of the surviving widow and children.   Moore left a widow, but no children.

Afterwards, the widow, as administratrix, commenced the action before us on this appeal against the appellant, Omaha Warehouse Company, under sections 1428 and 1429, Rev. St. 1913, creating liability for death caused by the wrongful act, neglect or default of any person or corporation, and providing that the action be brought in the name of the personal representative for the benefit of the widow and next of kin of the deceased.   The next of kin of the deceased in the instant case was his mother.   The administratrix alleged in the petition that her intestate met his death under the circumstances hereinbefore related, and that the appellant was liable therefor because it maintained its platform too close to the railroad track upon which the cars were being spotted.   Among other defenses, none of which need be noticed because no error relating to them is assigned here, the appellant set up in its answer the facts with reference to the action previously brought against the railroad company and the recovery and satisfaction of the judgment, and alleged that the appellant had been thereby discharged and released from all liability.

The trial court overruled the appellant's motion for a directed verdict and submitted the case to the jury under instructions to the effect that the widow of the deceased was precluded by the action and judgment against the railroad company "from claiming any interest in any sum which may be recovered by her as administratrix in this case, and that you shall only consider whether or not Lucy Moore, the mother of Tim F. Moore, deceased, has sustained any damages in the way of pecuniary loss on account of the death of Tim F. Moore, if you shall find from the evidence that the defendant, Omaha Warehouse Company, was guilty of negligence that was the proximate cause of the accident that resulted in the death of

said Tim F. Moore, deceased." The jury returned a verdict for $2,500, upon which judgment was entered, and this appeal is prosecuted therefrom.

Counsel agree that all questions are eliminated upon this appeal except those which arise in connection with the appellant's plea that there can be but one satisfaction for a single injury; that the railroad company and the warehouse company were joint tort-feasors; that the right of action under both the federal act and the state statute was vested in the personal representative of the deceased, and that the judgment in favor of the personal representative against one of the joint tort-feasors discharged and released the other, and should be held to be a complete bar to recovery in the instant case. The appellee, on the other hand, asserts that the administratrix in bringing these actions was nothing more than a statutory trustee; in the action under the federal law, trustee for the widow, she being the only person entitled to the benefits thereof; in the action under the state death statute, trustee for the mother, who, in view of the prior recovery for the wife's benefit under the federal act, was the only person entitled to damages under the state statute; that the mother had no cause of action against the railroad company, was not represented by the administratrix in that action, and is not bound by any act of the administratrix therein.

If Moore had survived the accident and sued the railroad company for damages resulting from his injuries, the right of action being in him and for his own benefit alone, his recovery against the railroad company would have included all the damage suffered by him, and he could have maintained no later action against the warehouse company, although its negligence concurred with the railroad company's in causing his death. *Irwin v. Jetter Brewing Co.*, 101 Neb. 409. Such was the situation in *Middaugh v. Des Moines Ice & Cold Storage Co.*, 184 Ia. 969, cited and relied upon by the appellant, in which a lineman in the employ of a railroad company

was injured by a truck belonging to the ice company running into him at a railway crossing. He sued the railroad company for negligence of its watchman, and entered into a settlement for a certain sum, in consideration of which he released the railroad company. Afterwards, he sued the ice company, and it interposed the defense that, being a joint tort-feasor, it was also released, and the court held that the prior settlement was a bar to the action because it included his entire damages.

In case of death from the injury, as in the instant case, the federal law, to be sure, gives the right of action to the personal representative, but confers the benefits thereof upon the widow and children, not upon the estate of the deceased. The basis of recovery is not what the injured party could have recovered if he had survived, but is limited to the actual pecuniary loss suffered by reason of the death by the individuals designated in the act. *Gulf, C. & S. F. R. Co. v. McGinnis,* 228 U. S. 173; *Taylor v. Taylor,* 232 U. S. 363. So, in her action against the railroad company, the administratrix could recover only what pecuniary loss she, as widow, had sustained. The recovery was in no sense assets of the estate to be distributed in accordance with the state laws relative to intestacy, but was the exclusive property of the beneficiary under the federal law. *Taylor v. Taylor, supra.*

Referring now to the death statute of this state under which the pending action was brought, we find that an analogous situation is presented. There, too, the right of action is given to the personal representatives, but for the benefit of certain designated persons, namely, the widow and next of kin, in this case the mother of the deceased. In like manner as under the federal statute, the recovery under the state statute is not for such damages as the injured party suffered and might have been compensated for had he survived, but only for the actual pecuniary loss to the specified beneficiaries. *Chicago, B. & Q. R. Co. v. Oyster,* 58 Neb. 1. It seems clear to us that the two actions must be regarded as based upon

different rights and distinct elements of recovery, and that, although in each instance the case was prosecuted by the personal representative as the nominal plaintiff, she acted therein, as the appellee contends, merely as statutory trustee for the respective parties beneficially interested.

In *Spokane & I. E. R. Co. v. Whitley*, 237 U. S. 487, L. R. A. 1915F, 736, the death occurred in Idaho, and the right of action was governed by the death statute of that state, which provides that the action might be maintained by the heirs or personal representatives. The heirs of the deceased were his widow and mother. The widow, as administratrix, brought suit and obtained judgment against the railroad company in the state of Washington, basing her action upon the Idaho statute. The mother was not a party to that action. Afterwards, the mother brought suit in her own behalf against the railroad company in Idaho, and the latter pleaded the Washington judgment in bar of the action. The mother recovered judgment, and the Idaho supreme court, on appeal, held that the administratrix was not to be regarded as representing the mother in the Washington action, and that she was not bound by the judgment therein. This was affirmed by the supreme court of the United States in the cited case, in which it was said in the opinion, by Justice Hughes, that under the Idaho statute the personal representative was not authorized to bind the heirs without their sanction, and that there was no basis for the presumption that the mother was represented in the Washington suit, or was bound by the judgment therein.

In the *Whitley* case, just referred to, the two actions involved were both founded upon the same statute, and that statute permitted either the personal representative or the heirs to maintain the action. But in Idaho, the same as in Nebraska, it is held, as stated by Justice Hughes: "The recovery authorized is not for the benefit of the 'estate' of the decedent; the proceeds of the recovery are not assets of the estate. Where the personal representa-

Moore v. Omaha Warehouse Co.·

tive is entitled to sue, it is only as trustee for described persons,—the 'heirs' of the decedent." In the Nebraska death statute the right of action is given to the personal representative, but it is explicitly provided that it shall be for the exclusive benefit of the widow and next of kin. Notwithstanding the different wording of the two statutes, the status of the personal representative in the action is the same in both states.

Since it is held by the highest judicial authority that the personal representative in the *Whitley* case, although authorized by the Idaho statute to sue on behalf of the "heirs," could not bind the mother, as an heir, in the Washington action, because she was not a party to that action and her rights were not considered therein, it follows, we think, with still more cogency and force that the administratrix in the instant case cannot be deemed to have represented the mother of the decedent in the action against the railroad company under the federal act, by the terms of which the mother was given no right of action and was entitled to no part of the benefits. In our opinion, therefore, the action against the railroad company, being in effect an action for the benefit of the widow, was not binding upon the mother and was no bar to an action for her benefit under the state statute, although the administratrix was the nominal plaintiff in both actions.

The fact that the railroad company and the warehouse company may have been joint tort-feasors could have no bearing, unless the prior action and judgment under the federal act involved the same rights as the later action against the warehouse company, and that is to be determined by what was actually considered and adjudicated in the two actions, not by the mere fact that the actions were brought by the same nominal plaintiff.

No other controverted questions being presented, we recommend that the judgment appealed from be affirmed.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, and

this opinion is adopted by and made the opinion of the court.

AFFIRMED.