In the Matter of the Estate of FERDINAND WARBURG, Deceased.

Surrogate's Court, New York County, June 15, 1927.

Wills — probate — application to dismiss proceeding begun for probate of foreign will — decedent died resident of Germany where will was established — proper procedure for foreign executors in this court is to procure ancillary letters, under Surrogate's Court Act, § 159 — proceeding herein will then be dismissed — Surrogate's Court of New York county has jurisdiction of ancillary proceeding where debt is due estate (Surrogate's Court Act, § 45, subd. 2, and § 47) — residuary legatee is not entitled to ancillary letters, under Surrogate's Court Act, § 161, unless foreign executors fail to qualify.

This is an application to dismiss a proceeding begun to obtain the admission of decedent's will to probate. It appears that decedent died at his legal residence in Germany, where the will was established in accordance with the laws of that country. The proper procedure for the foreign executors in this court is to promptly proceed with the filing and recording of the proofs and the necessary papers to procure ancillary letters testamentary, under section 159 of the Surrogate's Court Act, on the granting of which this probate proceeding will be dismissed.

Since the debt due the estate constitutes the basis of jurisdiction, under subdivision 2 of section 45 and section 47 of the Surrogate's Court Act, the Surrogate's Court of New York county has jurisdiction to entertain the ancillary proceedings.

*It seems,* that a residuary legatee is not entitled to the ancillary letters, under section 161 of the Surrogate's Court Act, unless the foreign executors fail to qualify or fail to make a proper designation of a substitute under the provisions of that section.

MOTION to dismiss proceeding to secure admission of will to probate.

*Hughes, Rounds, Schurman & Dwight [Oscar R. Ewing, Walter F. Carter* and *John S. Myers* of counsel], for Robert Daniel Warburg and Ferdinand H. Warburg, individually and as executors of the last will and testament of Ferdinand Warburg, deceased, and for Olga Luise Seelig.

*Schnitzler, Thorn & Dayton,* for petitioner.

FOLEY, S. This is a motion to dismiss an independent proceeding begun for the purpose of securing the admission of the will of the decedent to probate. In the latter proceeding an application was also made for the issuance of letters of administration with the will annexed to Martha C. Buhler, one of the residuary legatees, but a person not named as executor in the will. The testator died on October 8, 1924, in Germany, the country of his legal residence and domicile. The motion is made by the foreign executors upon the ground, *first,* that the original probate of a foreign will cannot, under the peculiar circumstances of this estate, be granted here, and *second,* that the Surrogate's Court of the county of New York is without jurisdiction, because there are no unadministered assets in New York county.

(1) Because of the facts and circumstances I hold that the independent probate proceeding in this court should be stayed and that the proper procedure for the parties to follow is to apply for ancillary letters testamentary pursuant to the provisions of section 159 of the Surrogate's Court Act. From the affidavits and proofs submitted, it clearly appears that the will was *established* in Germany in accordance with the laws of that country. The proceeding there was not similar in nature to our probate of a will in solemn form but under the alternative language of section 159 of the Surrogate's Court Act ancillary letters may be issued upon a will so established in a foreign State. This alternative grant of jurisdiction was made by the Legislature in the revision of the Surrogate's Court practice in 1914 (formerly Code Civ. Proc. § 2695; subsequently Id. § 2629; now Surrogate's Court Act, § 159). The revisers' note fully explains the reason for the change, for it states " The changes are made because sometimes, in a foreign country, wills are not probated, but are established by a procedure peculiar

to that country." In *Matter of Harwood* (104 Misc. 653; affd., as *Matter of Gay*, 188 App. Div. 918) Surrogate FOWLER reviewed the history and reasons for this statutory change. The Court of Appeals in *Matter of Connell* (221 N. Y. 190, 194) indicated that there was a limitation imposed upon the jurisdiction of the surrogate in that where " a will had been already probated in the foreign country it may not be proved in an independent proceeding here." This rule should similarly apply to the establishment of a will, pursuant to the amendment referred to above, which was made after the date of the decree reviewed in the *Connell* case. In *Matter of McCullough* (129 Misc. 113, 115) I held that the Surrogate's Court may entertain in its discretion independent probate proceedings of a non-resident's will. In that case, however, no formal decree or adjudication establishing or admitting the will to probate had been made in Colorado, the State of domicile. In *Matter of Leonori* (N. Y. L. J. April 12, 1927) certain proceedings had been begun in the State of testator's domicile, Missouri, and I held, as a matter of comity and to avoid the possibility of conflicting determinations in separate jurisdictions, that the proceeding for probate in this court should be dismissed.

The moving parties here, who are the foreign executors, state that a petition for ancillary letters testamentary, based on the German proceeding, will be presented without delay. They are directed to promptly proceed with the filing and recording of the proofs and the necessary papers to procure ancillary letters under section 159 of the Surrogate's Court Act. On the making of a proper decree granting ancillary letters, the independent probate proceeding may be dismissed by a separate order on this motion.

(2) I hold further that the Surrogate's Court of the county of New York has jurisdiction to entertain the ancillary proceeding. The debt due the estate from Peierls, Buhler & Company, Inc., constitutes the legal basis of such jurisdiction under the provisions of section 45, subdivision 2 and section 47 of the Surrogate's Court Act.

(3) The further question as to whom ancillary letters should issue will be determined in that proceeding. The proper procedure is outlined in section 161 of the Surrogate's Court Act and it would appear therefrom that the residuary legatee, Martha C. Buhler, is not entitled to such letters, unless the German executors fail to qualify or fail to make a proper designation of a substitute under the provisions of that section. (*Baldwin* v. *Rice*, 183 N. Y. 55.)

Proceed accordingly.