J. W. RODWELL, JR., AND GAY C. CABELL, GUARDIAN FOR GERALDINE RODWELL-CABELL AND CHERRY RODWELL-CABELL, MINORS, V. CAMEL CITY COACH COMPANY, INCORPORATED.

(Filed 11 October, 1933.)

**1. Pleadings A a—Complaint held to state joint cause by plaintiffs, all parties plaintiff being estopped from bringing subsequent action.**

Deceased was killed in a collision occurring while she was riding on a bus in another state. The statute of the state wherein the collision occurred required that an action to recover for her wrongful death should be brought jointly by her husband and her minor children. Plaintiffs instituted suit here to recover under the statute, the complaint being drawn in the name of the husband and minor children of deceased, and containing a joint prayer for damages. Defendant demurred on the ground that the allegations of the complaint were not sufficient to constitute a joinder by the husband in the action. *Held,* liberally construing the complaint as a whole, it stated a joint action by the husband and children, since the husband would thereafter be barred from setting up an inconsistent claim against the adverse party on the same subject-matter.

**2. States A a—Difference in parties and measure of damages will not prevent our courts from hearing action arising in another state.**

The fact that the statute of the state in which a collision occurs, resulting in death of the intestate, differs from our statute for wrongful death in the provision as to the parties who may maintain the suit and the measure of damages recoverable is not sufficient to deprive our courts of jurisdiction to hear the action and apply the laws of such other state, the rule being that transitory actions arising in another state may be maintained here under comity unless contrary to public policy, and the difference in the statutes not being sufficient to deprive our courts of jurisdiction on that ground.

**3. Same—Provision in statute of another state for recovery of penal damages does not render its penal statute unenforceable in this State.**

The rule that the courts of one state will not enforce a penal statute of another state applies only to statutes which are entirely penal and prescribe a punishment for violation of law, and a statute that merely provides for the recovery of punitive damages for the benefit of the individual bringing the action as a part of the compensatory damages is not such a penal statute as to come within the rule, and in this case, *held,* plaintiffs, residents of North Carolina, could maintain an action in the courts of this State to recover for the wrongful death of the intestate resulting from a collision occurring in Georgia while she was a passenger for hire on a motor bus, and our courts had jurisdiction to apply the Georgia law providing that such action could be maintained by the husband and children of intestate and that punitive damages could be recovered upon a showing of negligence.

CIVIL ACTION, before *Finley, J.,* at September Term, 1932, of ROWAN.

The plaintiffs are the surviving husband and minor children of Mattie Connor Rodwell. It was alleged that on 23 November, 1931, Mattie

RODWELL *v.* COACH CO.

Connor Rodwell purchased a ticket from the defendant in Jacksonville, Florida, entitling her to passage on a bus owned and operated by the defendant, to Charlotte, North Carolina, and return, and that on 24 November, 1931, while such passenger at or near the town of Louisville, Georgia, the defendant, "its servants, agents and employees, carelessly, recklessly, and negligently, and in direct violation of the Motor Vehicle Laws of the State of Georgia, operated and propelled said automobile bus over and upon said highway at an unlawful, careless, reckless and negligent rate of speed, failed to keep said automobile bus under proper control; failed to keep a safe and proper lookout; failed to provide the automobile bus with suitable and proper safety appliances and lighting equipment; and did by reason thereof carelessly, recklessly and negligently drive and propel said automobile bus, carrying the said Mattie Connor Rodwell as a passenger for hire therein, into and against the concrete posts and sides of a bridge of said highway, wrecking said bus and injuring said Mattie Connor Rodwell by crushing her arm, chest, head and other parts of her body to such an extent that she died as a result thereof within a few hours thereafter."

The wrongful death statute of Georgia is pleaded in the complaint. The pertinent portions of said statute are as follows: "The husband may recover for the homicide of his wife, and if she leave a child or children surviving, said husband and children shall sue jointly, and not separately, with the right to recover the full value of the life of deceased, as shown by the evidence, and with the right of survivorship as to said suit if she die pending the action. A mother, or, if no mother, a father, may recover for the homicide of the child, minor or *sui juris,* upon whom she or he is dependent, or who contributes to his or her support, unless said child leave a wife, husband or child. Said mother or father shall be entitled to recover the full value of the life of said child. In cases where there is no person entitled to sue under the foregoing provisions of this section, the administrator of the deceased person may sue for and recover for the benefit of the next of kin, if dependent upon the deceased, or to whose support the deceased contributed, in which event the amount of recovery shall be determined by the extent of the dependency or the pecuniary loss sustained by the next of kin. . . . The word 'homicide' used in the preceding section, shall be held to include all cases where the death of a human being results from a crime or from criminal or other negligence. The plaintiff, whether widow, or child, or children, may recover the full value of the life of the deceased, as shown by the evidence," etc. Certain other sections from the Motor Vehicle Laws of Georgia are alleged in the complaint, together with a clause of the Georgia Code, as follows: "In all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of locomotives or cars of such

RODWELL *v.* COACH CO.

company, shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury. The provisions of this bill shall also apply to all persons, firms or corporations operating busses for hire," etc.

The surviving husband, J. W. Rodwell, is a resident of the county of Davie, North Carolina, and it was alleged in the complaint "that the plaintiff, J. W. Rodwell, Jr., surviving husband, and Gay C. Cabell, guardian for the surviving children of said Mattie Connor Rodwell, are entitled to maintain this motion for recovery of all damages as provided by the laws of the State of Georgia, etc. . . . Wherefore, the plaintiffs pray that they have and recover judgment of the defendant . . . in the sum of $75,000 damages," etc.

The defendant demurred to the complaint upon the ground that it appeared upon the face of the complaint that the action was not a joint action by the husband, J. W. Rodwell, and the children. Thereafter the defendant filed a second demurrer upon the ground "that it appears upon the face of said complaint that the court has no jurisdiction of the subject-matter of the action for that there is such a material and substantial difference and dissimilarity between the statutory laws of the State of Georgia alleged in said complaint and relied on by the plaintiffs for recovery herein, and the statutory laws of the State of North Carolina relative to actions for wrongful death, in respect to parties plaintiff, elements, nature, measure, amount and method of assessing damages, and method of distribution thereof, and in other respects, that the courts of this State will not recognize or enforce the provisions of said alleged Georgia statutes in any action brought in this State for the recovery of damages thereunder for alleged wrongful death in said State of Georgia."

The trial judge overruled both demurrers and the defendant appealed.

*Charles L. Coggin and Robert S. McNeill for plaintiffs.*
*R. M. Robinson for defendant.*

BROGDEN, J. The demurrers present for decision two questions of law:

1. Does the complaint disclose a joint suit by the surviving husband and children of the deceased?

2. Is the wrongful death statute of Georgia repugnant to the public policy of this State, to such a degree as to deprive the trial courts of this State of jurisdiction to hear and determine a cause for the negligent killing in the State of Georgia of a resident of this State?

The first demurrer was properly overruled. Complaints assailed only by demurrer are to be construed liberally in favor of maintaining the cause of action. The entire complaint in the present case, when so

construed, is sufficient. The husband and the children join in the action as plaintiffs and assert that they "are entitled to maintain this motion for recovery of all damages as provided by the laws of the State of Georgia." There is a joint prayer for the recovery of damages. Moreover, by reason of the fact that the husband has joined in the suit as a party plaintiff, the law will not permit him to make an inconsistent claim or take a conflicting position in any subsequent action or judicial proceeding to the prejudice of the adverse party, where the parties are the same and the same questions are involved. *Ellis v. Ellis,* 193 N. C., 216, 136 S. E., 350.

The second proposition of law involves the solution of the question as to whether the wrongful death statute of Georgia is so dissimilar in scope, meaning, and practical application as to contravene the public policy of this State. North Carolina has a wrongful death statute, C. S., 160, which requires that a suit must be brought by an executor, administrator, or collector of the decedent, and any recovery shall not be deemed or applied as assets but shall be distributed in accordance with the statute of distributions. The wrongful death statute of Georgia provides that a widow, child or children; or husband, child or children "shall sue jointly and not separately, with the right to recover the full value of the life of deceased, as shown by the evidence." Thus, the dissimilarity consists in two major differences: first, the persons entitled to maintain the suit, and second, the measure of damages. This Court in *Hancock v. Telegraph Co.,* 137 N. C., 497, 49 S. E., 952, spoke as follows: "The validity and interpretation of the contract, as well as the rule measuring the damages arising upon a breach and the company's liability therefor, are to be determined by the laws of the former state where the contract originated." Also, in *Howard v. Howard,* 200 N. C., 574, 158 S. E., 101, it was written: "The actionable quality of the defendant's conduct in inflicting injury upon the plaintiff must be determined by the law of the place where the injury was done; that is, the measure of the defendant's duty and his liability for negligence must be determined by the law of New Jersey." See *Harrison v. R. R.,* 168 N. C., 382, 84 S. E., 519. American courts generally have not thought that a mere difference as to the person entitled to maintain a given cause of action or a mere difference in the measure of damages is sufficient or adequate dissimilarity to work a denial of the usual principles of comity prevailing among the states of the Union. For instance, in the *Howard case, supra, Adams, J.,* wrote: "But the fact that the law of two states may differ does not necessarily imply that the law of one state violates the public policy of the other. 'It by no means follows that because the statute of one state differs from the law of another state, therefore it would be held contrary to the policy of the laws of the latter state. To justify a court in refusing to enforce a

right of action which accrued under the law of another state, because against the policy of our laws, it must appear that it is against good morals or natural justice, or that for some other such reason the enforcement of it would be prejudicial to the general interests of our own citizens.'" The same idea prevails in other jurisdictions. Thus, in *Brown v. Perry,* 77 A. L. R., 1294, the Vermont Court spoke as follows: "The courts of one state will not enforce a penal statute of another. . . . Comity never requires a court to give effect to the law of another state which conflicts with that of its own. . . . The tendency of modern decisions is toward a broader comity in the enforcement of rights created by the legislatures of sister states. The general rule is that when an action is transitory, and the right has become fixed and liability has been incurred in the state where the transaction occurred. such right of action may be pursued and such liability enforced in any court which has jurisdiction of such matters and can secure jurisdiction of the parties, provided that the statute under which the cause of action arose is not inconsistent with the public policy of the state in which the cause of action is sought to be enforced. The court should not, in otherwise proper cases, refuse to apply the law of a foreign state, however unlike its own, unless it be contrary to pure morals or abstract justice, or unless the enforcement would be of evil example and harmful to its own people."

The conclusion is warranted that a difference in the elements or amount of damages does not offend public policy to the extent that an action based upon a wrongful death statute of one state will for such reason alone be denied enforcement in the courts of another. See, also, *Loranger v. Nadeau,* 84 A. L. R., p. 1264, and annotation; *Higgins v. Central Northeastern R. R. Co.,* 29 N. E., 534.

It is a general principle, sanctioned by the decisions of many courts, that a penal statute of one state will not be enforced in the courts of another, and the defendant asserts that the wrongful death statute of Georgia permits the recovery of punitive or exemplary damages, and, therefore, that such statute is penal, and hence unenforceable in the courts of North Carolina.

The views of the divergent schools of thought upon the subject are clearly and logically expressed by the Maryland Court in *London Guaranty & Accident Co. v. Balgowan S. S. Co.,* 155 Atlantic, 334, and in the dissenting opinion of *McNeill, J.,* in *Gardner v. Rumsey,* 196 Pac., 941, as follows: "The rule that a penal statute will not be enforced outside the territorial jurisdiction of the Legislature enacting it applies only to such statutes as are entirely penal, their sole purpose being to inflict punishment for the violation of a law, for the public benefit, and not to those which are in part compensatory, the violator being required to make good to an individual a possible loss having

some connection with his default." To like effect the Supreme Court of Vermont in *Wellman v. Mead,* 107 Atlantic, 396, wrote: "The question of whether a statute of one state which in some aspects may be penal is a penal law in the international sense, so that it cannot be enforced in the courts of another state, depends on whether its purpose is to punish an offense against the public justice of the state, or whether it affords a private remedy to a person injured by the wrongful act." 21 R. C. L., p. 225, states the rule as follows: "The test whether a law is penal, in the strict and primary sense, is whether the wrong sought to be redressed is a wrong to the public, or a wrong to the individual. And a distinction has been made between statutes which are entirely penal, their sole purpose being to punish a violation of the law for the public benefit, and those which are in part compensatory, the violator being required to make good to an individual a possible loss having some connection with his default. It is universally held that statutes of the former character can be executed only by the sovereignty enacting them. But by the weight of later authority, and by the better reason, actions may be maintained anywhere to enforce the liability to an individual, created by statutes of the latter kind."

In the case at bar the plaintiff was apparently a resident of North Carolina, and, therefore, had a right to go into the courts of her own state, seeking redress for the wrong and injury inflicted in the State of Georgia. Conceding that the wrongful death statute of Georgia permits the recovery of punitive damages, nevertheless such damages are also compensatory, and this Court is not disposed to hold that the personal representative of a citizen of this State cannot enforce the wrongful death statute of another state where the injury occurred, because in the final analysis, a more liberal measure of damages is available under the statute of the state where the injury occurred. See *L. & N. R. R. Co. v. McCaskell,* 53 Southern, 348.

Affirmed.