MARGARET A. FULCHER v. H. C. SMITH AND WIFE STELLA SMITH.

(Filed 25 February, 1959.)

**Venue §§ 1a, 2a—**

Allegations to the effect that plaintiff leased a store building and purchased a stock of merchandise situate therein, that thereafter defendant lessor made improper proposals as a condition to her right to remain in possession of the premises, that his demands put her in fear of bodily harm so that she was forced for her safety to abandon her leasehold rights and sell her stock of merchandise at a loss, state a transitory cause of action for assault, and plaintiff is entitled to institute the action in the county of her residence.

MOORE, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Moore (C. L.), J.,* September-October 1958 Term of CRAVEN.

This action was begun 20 February 1957. The complaint in substance alleges these facts: (1) Plaintiff, a resident of Craven County, in November 1956 leased from defendants a store building situate in Pitt County and purchased a stock of merchandise situate therein. (2) Shortly after plaintiff took possession, defendant H. C. Smith threatened her, demanding that she submit to sexual intercourse with him as a condition to her right to remain in possession of the demised premises. His demands and threats put her in fear of bodily harm. (3) The assaults were repeated in such manner and to such extent as finally to force plaintiff, for her safety to abandon her leasehold rights and sell her stock of merchandise for less than its actual value. She seeks compensation and punitive damages.

Defendants in apt time filed with the clerk a motion to remove as a matter of right. The clerk denied the motion. On appeal from the clerk, the judge held the action was properly instituted in Craven County and denied the motion. Defendants excepted and appealed.

*Cecil D. May and Ward and Tucker, for plaintiff, appellee.*
*James & Hite and Barden, Smith & McCotter, for defendants, appellants.*

PER CURIAM. The cause of action stated is for an assault. The lease and plaintiff's occupancy pursuant thereto merely afforded an opportunity for an assault. The forced abandonment of plaintiff's property to escape defendant's advances is but an element of damages. The action is transitory, not local. *Clay Co. v. Clay Co.,* 203 N.C. 12,

164 S.E. 341; *Causey v. Morris,* 195 N.C. 532, 142 S.E. 783.
Affirmed.

MOORE, J., took no part in the consideration or decision of this case.