IN THE MATTER OF W. H. SCARBOROUGH, ANCILLARY ADMINISTRATOR OF THE ESTATE OF VELMA Z. ROTTA, DECEASED.

(Filed 8 April, 1964.)

**1. Courts § 20;   Death § 3—**
    Liability for negligence resulting in personal injury or death is determined by the laws of the state where the tort is committed, but the action

is transitory and the situs thereof is the county of the state in which the tort-feasor may be personally served with process.

**2. Executors and Administrators § 3—**

Authority to appoint an administrator is vested in the clerk of the Superior Court, but such authority is limited to the instances set forth in the statute, G.S. 28-1.

**3. Same—**

The clerk of the Superior Court of the county in which personal service may be had upon the agent of the tort-feasor has authority to appoint an ancillary administrator to sue for wrongful death, notwithstanding deceased was a nonresident, died in another state, and that the tort resulting in death occurred in another state, the right of action for wrongful death being an asset of the estate in the county in which the tort-feasor is found.

**4. Same—**

The authority of the clerk of the Superior Court of a county of this State to appoint an ancillary administrator is not affected by matters relating to defense, such as settlement.

PARKER, J., concurring in result.

APPEAL by respondent, W. H. Scarborough, from *Copeland, S.J.*, December 2, 1963, Schedule "C" Non-Jury Civil Session of MECKLENBURG.

On December 18, 1961 the Clerk of the Superior Court of Mecklenburg County issued, to W. H. Scarborough, letters of ancillary administration on the estate of Velma Z. Rotta (hereafter Rotta.)

On February 19, 1962 Martin Stamping and Stove Company (hereafter Martin) filed a petition in which it alleged the court was without authority to appoint an administrator, and for that reason the letters should be canceled. The motion was denied. Martin appealed to the Superior Court. Judge Copeland found facts which so far as material are stated in the opinion. He directed the clerk to recall and cancel the letters of ancillary administration. Scarborough excepted and appealed.

*Craighill, Rendleman & Clarkson for respondent appellant.*
*Carpenter, Webb & Golding for petitioner appellee.*

RODMAN, J. This is the factual situation on which the parties relied to support their respective positions: Rotta died at a motel in Laurens, South Carolina. She was on a journey from her home in Michigan to Florida. She had never resided in North Carolina, and had no heirs or next of kin in this State. Domiciliary administration was in Michigan. Jack Long was appointed as Ancillary Administrator in South Caro-

lina. Scarborough asserts Rotta's death was the result of Martin's negligence. The asserted right of action, accruing because of Martin's tort, is the only asset with a situs in this State.

Long, the South Carolina Administrator, instituted an action in that State against John Hall, Supreme Propane Gas Company, Inc., and Federated Mutual Hardware Insurance Company, a liability insurer, to recover damages because of their alleged negligence which caused Rotta's death. Defendants Gas and Insurance Companies paid Long, as Administrator, $12,567.50. In consideration of this payment, Long executed a writing entitled, "Covenant Not to Sue."

Martin is an Alabama corporation. It has no plant or sales offices in North Carolina. It does have a salesman who lives in Charlotte. He devotes approximately 60 per cent of his time to making sales in North Carolina, and about 40 per cent of his time to making sales in South Carolina.

The authority to appoint an administrator in this State is vested in the Clerk of the Superior Court. G.S. 28-1. He cannot appoint unless the facts on which the applicant relies meet the test of one of the five subsections of the statute. The validity of Scarborough's appointment depends on the proper interpretation of G.S. 28-1(3) which reads: "Where the decedent, not being domiciled in this State, died out of the State, leaving assets in the county of such clerk, or assets of such decedent thereafter come into the county of such clerk."

Does the quoted language authorize the appointment of an administrator when deceased was not a resident of this State, did not die in this State, and had no assets in this State, other than a right of action for wrongful death occurring outside the State but which can be enforced in the State because of the presence of the tort-feasor?

Liability for negligence resulting in personal injury or death is determined by the law of the state where the tort is committed. *Shaw v. Lee*, 258 N.C. 609, 129 S.E. 2d 288. Under the laws of South Carolina, one whose negligence causes the death of another is liable for the resulting damage. The action must be brought by the personal representative of the deceased. S.C. Code 10-1951, 1952; *Evans v. Morrow*, 234 N.C. 600, 68 S.E. 2d 258; *Bailes v. Southern Railway, et al.* (S.C.), 87 S.E. 2d 481.

The right of action which accrues because of injury or death resulting from the negligence of another is transitory. *Fulcher v. Smith*, 249 N.C. 645, 107 S.E. 2d 68; *Howle v. Express, Inc.*, 237 N.C. 667, 75 S.E. 2d 732; *Rodwell v. Coach Company*, 205 N.C. 292, 171 S.E. 100; *Ledford v. Telegraph Company*, 179 N.C. 63, 101 S.E. 533; *Harrill v. R. R.*, 132 N.C. 655, 44 S.E. 109; 14 Am. Jur. 425.

While the right of action is transitory, it can only be maintained by an administrator appointed by our courts. *Brauff v. Commissioner of Revenue,* 251 N.C. 452, 111 S.E. 2d 620; *Cannon v. Cannon,* 228 N.C. 211, 45 S.E. 2d 34; *Monfils v. Hazlewood,* 218 N.C. 215, 10 S.E. 2d 673.

This court held in *Vance v. R. R. Co.,* 138 N.C. 460, 50 S.E. 800, that where death occurred as a result of a tort committed here the cause of action given by our statutes was an asset within the meaning of G.S. 28-2. The conclusion then reached was reiterated a few years later in *Fann v. R. R.,* 155 N.C. 136, 71 S.E. 81. Hoke, J. (later C.J.) there said, "In the present case, the decedent was killed in Greensboro where he resided at the time and had his domicile. *The cause of action is of itself assets.*" (Emphasis supplied.) This statement of the law is recognized as correct elsewhere. *Van Dusen v. Sturm,* 12 N.Y.S. 2d 133; *Lund v. City of Seattle,* 1 P 2d 301; *Darrah v. Foster,* 355 S.W. 2d 24; *McCarron v. N. Y. C. R. R. Co.,* 131 N.E. 478, Annotation; Ann. Cas. 1917C 1217.

Appellee points out that our statute not only requires the existence of assets but the existence of assets in the county of the clerk making the appointment. Hence it argues that there were no assets in Mecklenburg County which would invest the clerk of that county with the authority to appoint an administrator. This contention overlooks the fact that Martin was doing business in North Carolina. Its agent resided in Mecklenburg County. *Denny, J.* (now C.J.), speaking with respect to the situs of intangible assets, said in *Cannon v. Cannon, supra,* "Even so, a simple debt due a decedent's estate, which is being administered in a foreign jurisdiction, constitutes a sufficient asset upon which to base a proceeding for the appointment of an ancillary administrator. *In re Warburg's Estate,* 223 N.Y.S., 780; *Hensley v. Rich,* 191 Ind., 294, 132 N.E., 632; *Vogel v. New York Life Ins. Co.,* 55 F (2), 205. The debt is an asset where the debtor resides, even though a note has been given therefor, without regard to the place where the note is held or where it is payable."

The asset (right of action for wrongful death) has a situs in the county in which personal service can be had on the tort-feasor. *Morefield v. Harris,* 126 N.C. 626, 36 S.E. 125; *Shields v. Insurance Company,* 119 N.C. 380, 25 S.E. 951.

The rule is aptly stated by the Court of Civil Appeals of Texas in *Lancaster & Wallace v. Sexton,* 245 S.W. 958, an action for damages for wrongful death. The Court said: "A valid claim for damages, based upon transactions of this character, is a chose in action; it is a debt resting upon an obligation which the law imposes on a wrongdoer to pay adequate compensation to an injured party, or to his representa-

tive. Like other debts not evidenced by some form of writing, it follows the person of the debtor, and its payment may be enforced in any forum where the debtor may be found. The presumption is that as long as the debt is unpaid the debtor has in his possession funds, or money, which he should deliver upon demand to his creditor. That obligation accompanies the debtor wherever he may go."

The fact that a personal representative could obtain a judgment *in personam* on the cause of action which arose in South Carolina was sufficient to authorize the Clerk of the Superior Court of Mecklenburg County to appoint an ancillary administrator. The conclusion we reach accords with the weight of authority elsewhere. *Berry v. Rutland* (Vt.), 154 Atl. 671; *State v. Probate Court* (Minn.), 184 N.W. 43; *Peterson v. Chicago B. & Q. Ry. Co.* (Minn.), 244 N.W. 823; *In re Waits' Estate*, 146 P. 2d 5; *De Valle Da Costa v. Southern Pac. Co.*, 160 Fed. 216, 33 C.J.S. 894; 21 Am. Jur. 396.

On the motion to recall for cancelation the letters of administration issued to Scarborough, the court was not required to decide whether he could succeed in his action. Questions relating to tort-feasor's negligence, proximate cause, contributory negligence of deceased, statutes of limitation, settlement, or assignment of the asserted cause of action are all properly determinable in a trial on the merits. Because the probate court cannot decide these questions, the assertion that they will prove an insurmountable barrier to a recovery does not render the court powerless to make an appointment.

Reversed.

PARKER, J., concurring in result: In my opinion, the appointment of an ancillary administrator in South Carolina and the institution of a suit in that State against John Hall, Supreme Propane Gas Company, Inc., and Federated Mutual Hardware Insurance Company, a liability insurer, to recover damages because of their alleged negligence causing Rotta's death in South Carolina, and that defendants Gas and Insurance Companies paid Long as ancillary administrator $12,-567.50, and in consideration of this payment Long executed a writing entitled, "Covenant Not to Sue," does not preclude the probate court in Mecklenburg County from appointing Scarborough as ancillary administrator of the estate of Velma Z. Rotta to institute an action in this State against Martin Stamping and Stove Company for Rotta's alleged wrongful death.

It seems to me indubitable that the action for recovery in this State must be governed by the South Carolina statute on the subject, which is Chapter 23, "Death by Wrongful Act and Lynching," Art. 1, sec.

10-1951 et seq., Vol. 2, Code of Laws of South Carolina, 1962. It would be absurd to say that Rotta was killed twice. *S. v. Scates*, 50 N.C. 420. Martin Stamping and Stove Company by appropriate pleadings can raise all matters of defense contended for by it, one of which is the interesting question as to whether there can be more than one recovery for an alleged wrongful death under the same South Carolina statute. Rotta died in South Carolina. *Louisville & N. R. Co. v. Jones*, 215 Ky. 774, 286 S.W. 1071, 53 A.L.R. 1255; *Chicago, R. I. & P. R. Co. v. Schendel*, 270 U.S. 611, 70 L. Ed. 757, 53 A.L.R. 1265, with annotation in A.L.R. beginning on p. 1275; *Moore v. Omaha Warehouse Co.*, 106 Neb. 116, 182 N.W. 597, 26 A.L.R. 980, and annotation in A.L.R. thereto beginning on p. 984; *State ex rel. Chicago, B. & Q. R. Co. v. Probate Court*, 149 Minn. 464, 184 N.W. 43; *McCoubrey v. Pure Oil Co.*, 179 Okla. 344, 66 P. 2d 57.